THE STATE v. BURLEY STEELMAN, Appellant.—300. S. W. 743.

Division Two, December 12, 1927.

*North T. Gentry*, Attorney-General, for respondent; *Carl Otto* of counsel.

HENWOOD, C.—An information was filed in the Circuit Court of Shannon County by which appellant was charged with the unlawful transportation of hootch, moonshine and corn whiskey. Appellant offered to plead guilty, provided the court would assess the lowest punishment. The court declined to do this and the case proceeded to trial. The jury found him guilty and fixed his punishment at imprisonment in the penitentiary for two years. He was sentenced accordingly and appealed.

The evidence offered by the State shows that on March 27, 1927, appellant was seen "pretty well intoxicated" at Bryant Camp, near Hartshorn, in Shannon County. He was first discovered when attempting to drive a team and wagon across some railroad tracks and "seemed to be hung up in the tracks with his wagon." Shortly thereafter, when arrested by a deputy sheriff, he was "coming down the railroad with a bottle in his hands, waving it around, and a knife, and talking pretty loud and using some pretty bad language." The deputy sheriff took charge of appellant's bottle of liquor and immediately turned it over to the sheriff of the county. Some of the residents of the neighborhood said that when they saw appellant in his wagon he had the bottle of liquor in his pocket. When asked if appellant made any statement concerning the bottle of liquor, the sheriff testified:

"Well, after I got him and got him down at Eminence I tried to find out where he got his whiskey and he told me the night before, Saturday night, he went over to his father's and stayed all night and the next morning he went out hog-hunting and got down in the woods somewhere a mile or two and found this whiskey, and it was about full, the bottle was about full, and it looked like a hog had rooted it up, and he said he found it by the side of a tree, and he said he took it to his father's house there and got his wagon and folks and *put the whiskey in his wagon and drove back until he got near the team camp*, and he kept drinking it along and *about the time he got to the team camp he put it in his pocket* and had it when Stotler arrested him." (Italics ours.)

Both the sheriff and his deputy said they examined the contents of the bottle and that it was "moonshine, corn whiskey." The bottle of liquor was offered in evidence and handed to the jury for their examination.

Appellant, who was not represented by an attorney at the trial, took the stand and his testimony in full is as follows:

"I found this whiskey where the hogs had rooted it out away from a tree, I wouldn't call it transporting, I ain't been transporting whiskey, I just drank a little too much and got too drunk, and I ain't in the habit of doing that; and I would like for the court to forgive me for this and I will let it alone from this on."

On cross-examination, appellant admitted that he had been previously convicted "on two different charges" in the Circuit Court of Shannon County, but the nature of these charges was not disclosed.

E. D. West was offered as a character witness for appellant. He said he had known appellant for "about a year;" that appellant had "always been a gentleman;" and that he had never known "of him drinking a drop."

Appellant has filed no brief and we now look to his motion for a new trial for prejudicial errors assigned to the trial court.

I. The motion asserts that appellant was ignorant of court procedure and unable to employ counsel at the time of his trial, and that he would employ counsel and have his case properly presented to a jury, if granted a new trial.

The record shows that the original complaint, upon which this charge is based, was filed before a justice of the peace on March 27, 1927, and that appellant waived a preliminary hearing; that on May 6, 1927, the information in this case was filed in the circuit court; and that on May 10, 1927, after both parties had announced ready for trial, the following proceedings were had in the circuit court:

"Defendant not represented by counsel. The court inquired of defendant if he had counsel, and he stated that he did not, that he

had tried to employ counsel but had been unable to do so, and asked the court to appoint him counsel; whereupon the court inquired of the attorneys at bar of Shannon County, Hon. S. A. Cunningham, Hon. Jno. W. McClellan, Hon. L. N. Searcy and Hon. W. A. Despain, if he might appoint one or more of them to represent defendant; it was stated by the attorneys they would do what was requested of them, but they were informed this defendant with the help of his father was able financially to hire counsel, and some of the attorneys further stated that it had gotten to be a practice in this class of cases that defendants would come in and claim they were unable to hire counsel and the court would appoint counsel, and this was common talk among them. Defendant asks to plead guilty to this charge before the court and take the lowest punishment; the court refused to assess the lowest punishment, and informed him he could leave the case to a jury and they might assess the lowest punishment; and thereupon a jury was impaneled and sworn to try the case. The court requested Hon. Jno. W. McClellan to assist the defendant in challenging the jury, which he willingly did, and the trial proceeded with defendant's father sitting with him in the trial of the case. After these proceedings the court did not feel it incumbent upon himself to appoint counsel.''

Sec. 3957, Revised Statutes 1919, provides that: ''If any person about to be arraigned upon an indictment for a felony be without counsel to conduct his defense, and *be unable to employ any,* it shall be the duty of the court to assign him counsel, at his request, not exceeding two, who shall have free access to the prisoner at all reasonable hours.'' (Italics ours.)

It is apparent at once from the language of this statute that before appointing or assigning counsel for a defendant charged with a felony the trial court must find three things: first, that the defendant is without counsel; second, that he has requested the court to appoint counsel for him; and third, that *he is unable to employ counsel.* [State v. Terry, 201 Mo. l. c. 701, 100 S. W. l. c. 434.] While, as above indicated, it is shown by the record in this case that appellant was without counsel and, also, that he requested the court to appoint counsel for him, the record fails to show that *he was unable to employ counsel.* On the contrary, it appears that when appellant requested the appointment of counsel, four members of the Shannon County Bar, or some one or more of them, informed the court that appellant was financially able to employ counsel and that it was the practice of defendants ''in this class of cases'' in Shannon County to get the benefit of counsel by appointment and without compensation, regardless of their ability to hire counsel. It further appears that appellant did not deny, directly or indirectly, the statements made by these members of the bar, but, thereupon, offered to plead guilty,

provided the court would assess the lowest punishment against him. And it further appears, that when the court refused to entertain appellant's conditional plea of guilty and appellant elected to go to trial, one of the members of the bar, Hon. Jno. W. McClellan, at the court's request, assisted appellant in challenging the jury. The record further recites: ''After these proceedings the court did not feel it incumbent upon himself to appoint counsel.'' This, in our opinion, is equivalent to a finding by the court that appellant *was not unable to employ counsel.* Being able to employ counsel, it was not the duty of the court to appoint counsel for him, even though he did request it. An attorney appointed by the court to defend a person charged with a felony receives no compensation for his services. It would, therefore, be an injustice to require an attorney to defend without compensation a person who is able to employ counsel. The framers of the statute did not intend to subject members of the legal profession to such an imposition. What they did intend is plainly expressed in the statute. It follows that the trial court did not err in this particular.

II. The challenge of the sufficiency of the evidence is without merit. Shortly after his arrest, appellant voluntarily told the sheriff that he *''put the whiskey in his wagon and drove back until he got near the team camp;''* also, that *''about the time he got to the team camp he put it in his pocket.''* (Italics ours.) These and other statements made by appellant were related by the sheriff in his testimony. The liquor was shown to be ''moonshine, corn whiskey'' by direct and positive proof to that effect. The evidence presented a clear case for the jury and is sufficient to support the verdict. [Secs. 19 and 21, Laws 1923, p. 242; State v. Cardwell, 279 S. W. 99; State v. Bennett, 270 S. W. 295.] In view of the fact that appellant elected to testify in his own behalf and practically confessed his guilt on the stand, no other verdict than the one returned by the jury could have been reasonably expected.

III. As another ground for a new trial appellant charges that the verdict of the jury was the result of prejudice against him. This complaint is without avail where, as in this case, there is nothing in the record upon which to base it. [State v. Helpley, 279 S. W. 701; State v. Renfro, 279 S. W. 702.] It is, doubtless, prompted by the punishment assessed. Aside from the question of whether the jury should be criticized or commended for assessing a substantial punishment in this case, it must be remembered that the fixing of the punishment for crime is a legislative and not a judicial function. The punishment

assessed is well within the range of the punishment prescribed by the statute. In this situation, we cannot hold that the punishment is excessive, nor can we hold, in the absence of proof, that the punishment assessed is the result of prejudice against appellant. [Sec. 21, Laws 1923, p. 242; State v. Alexander, 285 S'. W. 984.]

IV. The other errors assigned in the motion for a new trial relate to the admission and exclusion of evidence and to given and omitted instructions on the law of the case. None of these assignments specify or point out the matters complained of and, for that reason, will not be considered. [Laws 1925, p. 198; State v. Standifer, 289 S. W. 856; State v. Murrell, 289 S. W. 859.]

We find no error, either in the trial proceedings or record proper. The judgment is affirmed. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.