THE STATE v. FLOYCE REED, Appellant.—44 S. W. (2d) 31.

Division Two, December 1, 1931.

*Stratton Shartel,* Attorney-General, and *Walter E. Sloat,* Assistant Attorney-General, for respondent.

HENWOOD, J.—By an information filed in the Circuit Court of Ripley County, the defendant was charged with burglary and larceny. The jury found him guilty of burglary in the second degree, and assessed his punishment at imprisonment in the penitentiary for two years. He was sentenced accordingly, and appealed.

The State's evidence may be summarized as follows: John Wright conducted a store, near his home, in the village of Tucker, in Ripley County, and the defendant and Earl Smith, both young men, and Lyman Tucker, a boy fifteen years of age, lived in that vicinity. In the evening of November 19, 1929, after the store was closed, the defendant and Smith and Tucker met at the well, near the store, and talked about breaking into the store. Tucker said, "We ought to break into John Wright's store;" the defendant said, "All right;" and Smith said, "I would not go in there at all tonight; it would make too much racket; wait until tomorrow night at the time of the

pie supper." On the following evening, November 20, 1929, "about dark," Wright closed the store, ate supper at his home, and then went to the school house, "about a quarter and a half" from the store, to attend the pie supper. That evening, during the progress of the pie supper, the defendant and Smith and Tucker were seen together, walking along the road in the direction of the school house, about half way between the store and the school house, and shortly thereafter they were seen at the school house, attending the pie supper. After the pie supper was over, about nine o'clock that evening, Wright opened the store to accommodate a customer, and discovered that, during his absence from the store that evening, "twelve cans of Prince Albert tobacco, and some cigarettes, and about a dozen bars of Babe Ruth candy, and about a dozen books of cigarette papers" had been taken from a show case in the store. Upon further investigation, he discovered that the "back window was up," and that "a window pane was broken out," and "found three bars of Babe Ruth candy scattered from the candy case back to the window." The window was not "up," and the window pane was not broken out, when he closed the store earlier that evening. The next morning he missed three or four pocket knives. The value of the "stuff" taken from the store was seven dollars and fifteen cents, as estimated by Wright. A short time after the store was broken into, Wright talked to the defendant about it, and the defendant told Wright that he and Smith broke into the store and got the pocket knives, candy, tobacco, cigarettes and cigarette papers; and that Tucker was with them, but did not go into the store; and that he (the defendant) traded off the pocket knives. After they had talked "a little while," Wright asked, the defendant why he participated in such an affair, and the defendant said, "It was just pure damned meanness." Before they finished their conversation, the defendant offered to pay Wright "for everything he got." Later, the defendant was arrested in Arkansas and brought back to Ripley County by a deputy sheriff of that county. On the way back to Ripley County, the defendant told the deputy sheriff that "he and Earl Smith went into the store and the Tucker boy stayed, on the outside;" and that he ran off because he was afraid he could not "make bond." The deputy sheriff asked him if he was going "to fight the case," and he said, "Hell, no, I have done owned up to it to John Wright." A charge of burglary and larceny was filed against both Smith and Tucker. Both of them left Ripley County before that was done. Smith never returned. Tucker went to Arkansas and did not return to Ripley County until after the case against him had been dismissed.

The defendant stood on his demurrer to the evidence.

No brief has been filed by the defendant, and his motion for a new trial presents for our consideration the following complaints only:

That the trial court erred in overruling his application for a continuance; that the evidence is not sufficient to support the verdict; and that the verdict was the result of passion and prejudice on the part of the jury.

I. The application for a continuance, filed on the day set for the trial, was based on the absence of Earl Smith, an alleged material witness for the defendant. It failed to disclose the whereabouts of said witness at that time or where he could be found at any future time; it failed to disclose the exercise of any diligence by the defendant to procure the testimony of said witness on the day set for the trial, except the issuance of a subpoena for said witness at the instance of the defendant; and it failed to disclose a reasonable probability or expectation of procuring the testimony of said witness at the next term of the court. In these particulars the application did not meet the requirements of the statute, and, of course, the trial court did not commit error or abuse its discretion in overruling the application. [Sec. 3654, R. S. 1929; State v. Hubbard (Mo. Sup.), 295 S. W. 788; State v. Van Valkenburgh (Mo. Sup.), 285 S. W. 978; State v. Woodward, 182 Mo. 391, 81 S. W. 857.] And, in view of the developments, during the progress of the trial, that Earl Smith was charged with participation in the crime for which the defendant was being tried, and that he was then a fugitive from justice, it would seem that the trial court exercised its discretion wisely in refusing to grant a continuance on the ground of Earl Smith's absence.

II. The challenge of the sufficiency of the evidence is wholly without merit and need not be considered at length. The evidence relating to John Wright's discovery of the breaking and entering of the store building and of the taking of articles of merchandise therefrom clearly establishes the *corpus delicti,* and amply corroborates the evidence of the defendant's extrajudicial confessions of his guilt to John Wright and the deputy sheriff; and it seems hardly necessary to say that the evidence as a whole is sufficient to support the verdict. [Sec. 4048, R. S. 1929.]

III. There is nothing in the record to indicate that the jury were influenced by any improper motive, and, therefore, the complaint that the verdict resulted from passion and prejudice on the part of the jury is without avail. [State v. Steelman, 318 Mo. 628, 300 S. W. 743.]

The other complaints in the motion for a new trial are general in character, and, for that reason, will not be considered. [Sec. 3735, R. S. 1929; State v. Standifer, 316 Mo. 49, 289 S. W. 856.]

We have carefully examined the record proper and find no error. The judgment is, accordingly, affirmed. All concur.