## TOMKINS *v.* MISSOURI.

No. 64.   Argued December 12, 1944.—Decided January 8, 1945.

*Mr. John Raeburn Green,* with whom *Mr. Keith L. Seegmiller* was on the brief, for petitioner.

*Mr. Robert J. Flanagan,* Assistant Attorney General of Missouri, with whom *Mr. Roy McKittrick,* Attorney General, was on the brief, for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This case is a companion case to *Williams* v. *Kaiser, ante,* p. 471. It, too, is a petition for a writ of *habeas corpus* here on certiorari to the Missouri Supreme Court. It is alleged in the petition that petitioner in 1934 was charged with murder in the first degree, pleaded guilty to the charge, and was convicted and sentenced to the state penitentiary for life where he is presently confined. The petition was filed in 1944. The other salient facts alleged are as follows:

"The petitioner states that in the proceedings in said Circuit Court of Pemiscot County, Missouri, he was not represented by counsel, the Court did not make an effective appointment of counsel, the petitioner did not waive his constitutional right to the aid of counsel, and he was ignorant of his right to demand counsel in his behalf, and he was incapable adequately of making his own defense."

And he contends that he was deprived of counsel contrary to the requirements of the due process clause of the Fourteenth Amendment. Here, as in the *Williams* case, the Supreme Court of Missouri allowed petitioner to proceed *in forma pauperis* but denied the petition for the reason that it "fails to state a cause of action." The petition for *habeas corpus* was denied without requiring the State to answer or without giving petitioner an opportunity to

prove his allegations. And the allegations contained in the petition do not appear to be inconsistent with the recitals of the certified copy of the sentence and judgment which accompanied the petition and under which petitioner is confined. Hence, we must assume here, as in the *Williams* case, that the allegations of the petition are true.

*Powell* v. *Alabama,* 287 U. S. 45, 71, held that at least in capital cases "where the defendant is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance, feeble mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law." Under that test a request for counsel is not necessary.[1] One must be assigned to the accused if he is unable to employ one and is incapable adequately of making his defense.

The petition is not drawn with the desirable precision and clarity. But we can hardly demand of a layman and pauper who draws his petition behind prison walls the skill of one trained in the law. If we were to take that course, we would compound the injury caused by the original denial of counsel. A deprivation of the constitutional right of counsel should not be readily inferred from vague allegations. But where the substance of the claim is clear, we should not insist upon more refined allegations than paupers, ignorant of their right of counsel and incapable of making their defense, could be expected to supply.

---

[1] As noted in the *Williams* case, the Missouri statute governing the appointment of counsel (Rev. Stat. 1939, § 4003) employs the language "arraigned upon an indictment for a felony." The prosecution in this case was upon an information. But it seems that the Supreme Court of Missouri applies the statute in that situation as well. See *State* v. *Terry,* 201 Mo. 697, 100 S. W. 432; *State* v. *Steelman,* 318 Mo. 628, 300 S. W. 743.

If this petition is read in that light, it satisfies the requirements of *Powell* v. *Alabama.* One who was not represented by counsel, who did not waive his right to counsel and who was ignorant of his right to demand counsel is one of the class which the rule of *Powell* v. *Alabama* was designed to protect. Certainly when we read these allegations with the further assertion in the record that petitioner was at no time prior to conviction allowed to consult with an attorney, the conclusion is irresistible that petitioner was unable to employ counsel either because he was without funds or because he was deprived of the opportunity.

The nature of the charge emphasizes the need for counsel. Under Missouri law one charged with murder in the first degree may be found guilty of that offense, of murder in the second degree, or of manslaughter. Rev. Stat. 1939, §§ 4376, 4844. The punishments for the offenses are different. §§ 4378, 4391. The differences between them are governed by rules of construction meaningful to those trained in the law but unknown to the average layman.[2] The defenses cover a wide range.[3] And the ingredients of the crime of murder in the first degree as distinguished from the lesser offenses are not simple but ones over which

---

[2] In *State* v. *Burrell,* 298 Mo. 672, 680, 252 S. W. 709, it was held that "where there is willful killing with malice aforethought, that is, with malice and premeditation, but not deliberation, or in a cool state of blood, the offense is murder in the second degree. Nor can any homicide be murder in the second degree unless the act causing death was committed with malice aforethought, that is, with malice and premeditation. Where there is a willful killing without deliberation and not with malice aforethought, the offense is manslaughter."

[3] Self-defense and insanity are defenses. Rev. Stat. 1939, § 4049. Justifiable or excusable homicide is a defense (*id.* § 4381) as those terms are defined. *Id.* §§ 4379, 4380.

skilled judges and practitioners have disagreements.[4] The guiding hand of counsel is needed lest the unwary concede that which only bewilderment or ignorance could justify or pay a penalty which is greater than the law of the State exacts for the offense which they in fact and in law committed.

Here, as in the *Williams* case, the allegations of the petition may turn out to be wholly specious. But they are sufficient to establish a *prima facie* case of deprivation of the constitutional right. The other objections raised by Missouri have been answered in our opinion in the *Williams* case.

*Reversed.*

MR. JUSTICE ROBERTS and MR. JUSTICE FRANKFURTER think the writ should be dismissed for the reasons set forth in their dissent in *Williams* v. *Kaiser, ante,* p. 479.

---

[4] "The law presumes the killing was murder in the second degree, in the absence of proof of attendant circumstances which tend to raise the killing to murder in the first degree or to reduce it to manslaughter." *State* v. *Henke,* 313 Mo. 615, 638, 285 S. W. 392. As to the necessity on certain evidence to give instructions on a lesser offense than murder in the first degree, see *State* v. *Warren,* 326 Mo. 843, 33 S. W. 2d 125; *State* v. *Wright,* 337 Mo. 441, 85 S. W. 2d 7; *State* v. *Jackson,* 344 Mo. 1055, 130 S. W. 2d 595.