### COMMONWEALTH OF PENNSYLVANIA ex rel. BILLMAN v. BURKE.

Misc. No. M. 1199.

District Court, E. D. Pennsylvania.

Nov. 18, 1947.

Herman I. Pollock, of Philadelphia, Pa., for petitioner.

Franklin E. Barr, Asst. Dist. Atty., Philadelphia County, and John E. Stevenson, Deputy Atty. Gen., both of Philadelphia, Pa., for the Commonwealth, for respondent.

FOLLMER, District Judge.

Petitioner was on October 3, 1940, convicted in a state court[1] on a charge of burglary. At his trial and at the time of sentence as originally imposed, he was represented by counsel appointed by the Court.[2] The Court subsequently, on the ground that it had been misinformed by defendant,[3] vacated this sentence. Thereupon, on October 11, 1940, he was resentenced to a longer term. He alleges that counsel was not present at such resentence. He does not contend that he requested the presence of counsel at such resentence. The petitioner here was fully aware of his rights, had previous experience, and was not ignorant of the procedure in criminal courts.

A further point, not material to this decision but which I think does call for comment, was raised by the petitioner, namely that the sentence was not actually vacated until after the expiration of the term. A new term of court—October Sessions 1940 —began on October 7, 1940. It appears that on October 4, 1940, the Court made this order, "Sentence as to Billman reconsidered in open court and held under advisement". Thereafter, on October 11, 1940, in the next succeeding term, the court formally vacated the sentence imposed on October 3, 1940, and imposed a larger sentence.

The Pennsylvania Superior Court held that the order of October 4, 1940, was, in effect, a vacation of the sentence during the

---

[1] Petitioner (thirty-eight years of age at the time of this hearing) was tried October 3, 1940, in the state court for the County of Philadelphia, Pa., and sentenced on the same day to "not less than 2½ years nor more than 5 years at separate and solitary confinement in the Eastern State Penitentiary to begin at expiration of violated parole."

[2] Petitioner was represented by the Public Defenders' office.

[3] The misstatements had reference to time to be served under parole violation on a previous sentence. This is fully covered by the opinion of the State Superior Court in Commonwealth ex rel. Billman v. Smith, Warden, 152 Pa.Super. 325, 31 A.2d 908.

term and the subsequent sentence therefore valid.[4]

■ In my opinion this is strictly a Pennsylvania procedural question the determination of which is solely within the jurisdiction of the Pennsylvania State Courts and by no stretch of the imagination involves any question of due process under the Federal Constitution. Incidentally, and purely by way of parenthesis, Rule 45(c) of the new Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, abolished the term of Court as a time limitation and in Rule 35 set up a specific time period without regard to term for the taking of any step in a criminal proceeding, thus definitely characterizing the same as procedural.

■ It has been frequently pointed out that the Sixth Amendment of the Constitution of the United States applies only to trials in federal courts [5] and that as to state courts the due process clause of the Fourteenth Amendment does not incorporate, as such, the specific guarantees found in the Sixth Amendment.[6] Prosecutions in state courts are not subject to the fixed requirement that counsel must be furnished an indigent defendant in every case whatever the circumstances.[7]

The State Law of Pennsylvania would not have required the appointment of counsel in the instant case, even for the trial. The Supreme Court of Pennsylvania in Commonwealth ex rel. McGlinn v. Smith, 344 Pa. 41, 24 A.2d 1, 5, had occasion to examine this question fully and in an able opinion by Justice (now Chief Justice) Maxey, stated that:

"The right guaranteed by the Pennsylvania Constitution, Art. 1, sec. 9, P.S., of an accused to be 'heard by * * * counsel' has never been challenged or abridged in this Commonwealth; the right of an accused to be supplied with counsel when none is asked for was never until recent years asserted in this Commonwealth. The court has never countenanced the idea that the accused in a criminal case when the charge is other than murder is being deprived of a constitutional right if he is not informed in advance of his trial that counsel will be assigned him upon request.

\* \* \* \* \* \*

"The fact that the Supreme Court of Pennsylvania has never during its two and a half centuries of existence deemed it the duty of trial courts to provide (except in capital cases) counsel for accused persons where none was asked for strongly supports the postulate that the failure to provide counsel under the circumstances here present is not a denial of 'due process of law', a fundamental of Anglo-Saxon justice which has been expressed in every Constitution of this state and upheld by its judiciary since the American Union was formed."

And the Supreme Court of the United States in Betts v. Brady, 316 U.S. 455, 468, 469, 62 S.Ct. 1252, 1259, 86 L.Ed. 1595, recognized the fact that "In the fundamental law (of Pennsylvania) the language used indicates only that a defendant is not to be denied the privilege of representation by counsel of his choice", and that the State (Pennsylvania) provisions "have been held not to require the appointment of counsel for indigent defendants". The Court after considering the various requirements of different States, said: "This material demonstrates that, in the great majority of the states, it has been the considered judgment of the people, their representatives and their courts that appointment of counsel is not a fundamental right, essential to a fair trial. On the contrary, the matter has generally been deemed one of legislative policy. In the light of this evidence we are unable to say that the concept of due process incorporated in the Fourteenth Amendment obligates the states, whatever may be their own views, to furnish counsel in every such case. Every court has power, if it deems proper, to appoint counsel where that course seems to be required in the interest of fairness".

---

[4] See note 3, supra.

[5] See note 9 in Betts v. Brady, 316 U.S. 455, 461, 62 S.Ct. 1252, 86 L.Ed. 1595.

[6] See Note 10 in Betts v. Brady, supra.

[7] Foster v. Illinois, 332 U.S. 134, 67 S.Ct. 1716, 91 L.Ed. 1542, 1545; Betts v. Brady, supra.

■ We are not here concerned with those cases involving capital offenses,[8] or where the State law requires such appointment of counsel.[9] We cannot say in the instant case that "for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement" which under the law of Pennsylvania conflicted with a "conception of fundamental justice."[10] We have discussed this question somewhat at length because of the frequency with which it has recently been raised by prisoners in the State Penitentiary in this District.[11]

However, there is a further and basic reason why this writ may not be entertained in this court. The State procedure provides ample remedies by appeal (which petitioner did not take) as well as other remedies including the writ of habeas corpus, which are available and adequate.

■ The petitioner did take such a writ in the Superior Court of Pennsylvania,[12] but as far as appears from the opinion of the court, did not raise this question. He filed another petition for a writ of habeas corpus in the Supreme Court of Pennsylvania[13] in which this question is only vaguely raised,[14] but assuming that this question was adequately raised, petitioner did not seek review by certiorari to the Supreme Court of the United States as he could have done.[15] It is well settled that "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in" the Supreme Court of the United States "by appeal or writ of certiorari, have been exhausted".[16]

The application for writ of habeas corpus is denied and the rule to show cause dismissed.

[8] e. g. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Tomkins v. Missouri, 323 U.S. 485, 65 S.Ct. 370, 89 L.Ed. 407; Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L. Ed. 61; Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. See other cases cited in Foster v. Illinois, 332 U. S. 134, 67 S.Ct. 1716, 91 L.Ed. 1542.

[9] e. g. Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398.

[10] Foster v. Illinois, supra [332 U.S. 134, 67 S.Ct. 1718]. (The Supreme Court in this recent decision reviews the previous decisions and reaffirms the principles as outlined in Betts v. Brady, supra.)

[11] For an enlightening discussion of the problems which confront the courts in these habeas corpus proceedings see article by United States District Judge Louis E. Goodman in 7 F.R.D. 313, entitled "Use and Abuse of the Writ of Habeas Corpus".

[12] Commonwealth ex rel. Billman v. Smith, Warden, supra.

[13] Supreme Court of Pennsylvania, Miscellaneous Docket No. 309, Number 8.

[14] Transcription of Testimony, Exhibit 7.

[15] Williams v. Kaiser, supra.

[16] Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 450, 88 L.Ed. 572.