**Rufus Glenn SISK**

v.

**J. Ellis OVERLADE, Warden, Indiana State Prison.**

**No. 11125.**

United States Court of Appeals, Seventh Circuit.

March 10, 1955.

R. James Gormley, Chicago, Ill., for appellant.

Edwin K. Steers, Atty. Gen., Frank E. Spencer, Deputy Atty. Gen., Robert S. Baker, Deputy Atty. Gen., Indianapolis, Ind., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

Petitioner, an inmate of the Indiana State Prison, prepared and caused to be filed, a verified petition addressed to the presiding judge of the United States District Court, Northern District of Indiana, praying that a writ of habeas corpus issue. Petitioner averred that he had been convicted of first degree murder in the Indiana State courts in violation of his rights guaranteed by the due process clause of the Fourteenth Amendment to the United States Constitution. He asserted his arrest was illegal; that the search and seizure of his automobile was illegal; that the grand jury which brought the indictment had no legal authority to inquire into the offense charged. Upon this appeal petitioner relies upon his claim that the search and seizure of his automobile was illegal and that evidence obtained by such search was introduced at the trial over his objection.

After the filing of the petition for the writ, the Court without a hearing, entered an order that the petition be denied for the reason that facts alleged therein were not sufficient to merit the issuance of the writ.

The document which was filed by petitioner consisted of nineteen typewritten pages. It was entitled on the first page thereof: "Verified Petition for a Writ of Habeas Corpus in Forma Pauperis". On the last page immediately following petitioner's signature appeared the following: "This petitioner respectfully urges

this Honorable Court not to challenge the imperfection and length of this petition, as it was not prepared by an attorney at law but by petitioner himself and is the only way he knows to get the facts before this Court".

██ The first four pages of the document filed are clearly in the form of a verified petition, the verification appearing on the fourth page thereof. On the fifth page appears: "Brief in Support of Petition". Thereafter follow citations of authorities, arguments and a more detailed statement of facts than appeared in the first four pages. The government contends that neither the District Court nor this Court should consider any of the allegations and statements in the document appearing after page 4 because they are no part of the verified petition. A strict construction of the document filed might justify such a contention. However, we think the entire document should be considered as the verified petition. It is apparent that the petitioner so intended. On the last page of the document, he refers to "this petition". The Supreme Court has stated: "Meticulous insistence upon regularity in procedural allegations is foreign to the purpose of habeas corpus." Gibbs v. Burke, 337 U. S. 773, 779, 69 S.Ct. 1247, 1250, 93 L.Ed. 1686. The same court pointed out that in habeas corpus proceedings, prisoners unlearned in the law must often act as their own counsel, hence courts cannot impose on them the same high standards of the legal art which might be placed upon members of the legal profession. Price v. Johnston, 334 U.S. 266, 292, 68 S.Ct. 1049, 92 L.Ed. 1356. " * * * we can hardly demand of a layman and pauper who draws his petition behind prison walls the skill of one trained in the law." Tomkins v. State of Missouri, 323 U.S. 485, 487, 65 S.Ct. 370, 372, 89 L.Ed. 407. Hence, as distinguished from the conclusions drawn by the petitioner and his citation of authorities, we shall consider allegations of fact appearing on any of the nineteen pages of the document, as being part of his verified petition.

██ Upon the filing of the petition the district judge had authority to issue the writ or he could have issued an order to show cause why the writ should not be granted. Title 28 U.S.C.A. § 2243. He did neither, but entered an order denying the writ without a hearing. This procedure could be followed only on the basis that the facts contained in the petition showed that petitioner was not entitled to a writ; in other words, that a *prima facie* case had not been shown. In this posture there is no denial or answer to any of the allegations of fact in the petition, and on this appeal we must consider such allegations as being true.

Petitioner alleged he was the owner of a Plymouth automobile which had been and was used by him as a place of habitation or residence; that on September 4, 1950 he was in said automobile which was parked in a parking lot in Evansville, Indiana; that he was arrested by sheriff's deputies without a warrant; that his automobile was not moving at the time it was seized and petitioner made no resistance to arrest; and that his automobile was not searched at the time of his arrest. The petitioner further alleged he was taken immediately to the county jail of Vanderburgh County, Indiana, and incarcerated; that thereafter his automobile was taken to the jail yard and was later searched over a period of several days, the search not being in the presence of the petitioner; that articles of clothing and personal belongings of petitioner were seized by the officers, and that the sheriff or other officials had ample time in which to obtain a search warrant and that, at the time of the search, there was no possibility of the automobile being moved by petitioner.

A timely motion to suppress the evidence and for the return of the property was made. At the trial objections were made to the receipt into evidence of the articles seized as well as testimony based upon the inspection by the county officials of the automobile and its contents.

Petitioner was tried and found guilty of first degree murder in the Circuit

Court of Gibson County, Indiana, and received a sentence of life imprisonment. Upon appeal the conviction was affirmed by the Supreme Court of Indiana in an opinion which upheld the legality of the search and seizure of petitioner's automobile. Sisk v. State, 232 Ind. 214, 110 N.E.2d 627. Certiorari was denied, Sisk v. State of Indiana, 346 U.S. 838, 74 S. Ct. 60, 98 L.Ed. 360.

■ Whether a *prima facie* case was made out by the petitioner we regard as a rather close question. It would have been better procedure for the District Judge to have held a hearing where testimony could have been received as to the circumstances under which the arrest was made and the exact time when and the conditions under which the search of the automobile was conducted. Thus only could the "total atmosphere of the case", United States v. Rabinowitz, 339 U.S. 56, 66, 70 S.Ct. 430, 435, 94 L.Ed. 653, be obtained.

It is not surprising that petitioner and respondent each rely on Wolf v. People of State of Colorado, 1949, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782. The rule laid down in that case in spite of three dissenting opinions, is apparently the correct rule today. As late as February, 1954, the Supreme Court has insisted that the Wolf case was correctly decided. In Irvine v. People of State of California, 1954, 347 U.S. 128, at page 134, 74 S.Ct. 381, at page 384, 98 L.Ed. 561, the court said: "* * * We think that the Wolf decision should not be overruled, for the reasons so persuasively stated therein." and "* * * We adhere to Wolf as stating the law of search-and-seizure cases and decline to introduce vague and subjective distinctions."

At first blush one would think the decision in Wolf is clearly stated. The opinion commences with this statement, 338 U.S. 25, 69 S.Ct. 1360: "The precise question for consideration is this: Does a conviction by a State court for a State Offense deny the 'due process of law' required by the Fourteenth Amendment, solely because evidence that was admitted at the trial was obtained under circumstances which would have rendered it inadmissible in a prosecution for violation of a federal law in a court of the United States because there deemed to be an infraction of the Fourth Amendment as applied in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652? The Supreme Court of Colorado has sustained convictions in which such evidence was admitted, * * *."
In Weeks v. United States, supra, the Supreme Court held that in a federal prosecution the Fourth Amendment barred the use of evidence secured through an unreasonable search and seizure. In the Wolf case, 338 U.S. 25, at page 28, 69 S.Ct. 1359, at page 1361, the court thus referred to the Weeks decision: "* * * This ruling was made for the first time in 1914. It was not derived from the explicit requirements of the Fourth Amendment; it was not based on legislation expressing Congressional policy in the enforcement of the Constitution. The decision was a matter of judicial implication. Since then it has been frequently applied and we stoutly adhere to it." The court then stated: "But the immediate question is whether the basic right to protection against arbitrary intrusion by the police demands the exclusion of logically relevant evidence obtained by an unreasonable search and seizure because, in a federal prosecution for a federal crime, it would be excluded."

The last paragraph of the Wolf opinion commences with these words, 338 U.S. at page 33, 69 S.Ct. at page 1364: "We hold, therefore, that in a prosecution in a State court for a State crime the Fourteenth Amendment does not forbid the admission of evidence obtained by an unreasonable search and seizure. * * *" In view of such statements how then does the petitioner find any comfort in the Wolf decision?

On page 28 of 338 U.S., on page 1361 of 69 S.Ct. of the Wolf opinion the court

states: "Accordingly, we have no hesitation in saying that were a State affirmatively to sanction such police incursion into privacy it would run counter to the guaranty of the Fourteenth Amendment." The decision then pointed out in the appendix, that as of the date of the Wolf opinion thirty-one states had rejected the Weeks doctrine as a matter of state policy while sixteen states, including Indiana, were in agreement therewith. Petitioner argues that in the Wolf case the State of Colorado, and in the Irvine case the State of California, each permit evidence obtained by an unreasonable search and seizure to be considered by the courts in those states but that the contrary rule exists in Indiana. Petitioner insists that inasmuch as Indiana embraced the doctrine of the Weeks case its courts must decide whether a search and seizure was reasonably in conformity with federal constitutional standards. Petitioner argues that the Indiana Supreme Court in affirming his conviction failed to apply the federal standard, and thus deprived him of substantial rights under the Fourteenth Amendment. Petitioner says that Indiana thus extended "affirmative sanction" to the illegal action of the sheriff and his deputies and he points to the statement in the opinion in Wolf hereinbefore quoted: "* * * we have no hesitation in saying that were a State affirmatively to sanction such police incursion into privacy it would run counter to the guaranty of the Fourteenth Amendment."

■ We do not think that Wolf v. Colorado, supra, should be interpreted as urged by petitioner. We are content to hold that Wolf decided just what the Supreme Court said it decided—"* * * that in a prosecution in a State court for a State crime the Fourteenth Amendment does not forbid the admission of evidence obtained by an unreasonable search and seizure."

■ Another reason for not adopting petitioner's view is that under decisions of the Indiana Supreme Court, where an arrest is valid, considerable latitude is given to search an automobile which the person arrested was using at the time of the arrest, or which the officers had reasonable cause to believe had been used in the commission of a crime. As an example, in Pettit v. State, 207 Ind. 478, 188 N.E. 784, the defendant was arrested and placed in jail. His automobile was located in a garage at the residence of an aunt located several miles distant from the place of arrest. The officers searched the automobile without a warrant and the Indiana Supreme Court held that such search was reasonable and was not a violation of the constitutional guaranty against unreasonable seizure.

■ Petitioner urges that he was deprived of equal protection of the laws because the evidence seized in the search of the automobile was admitted over his protests on the trial. We find no merit in this contention.

We have also noted other grounds mentioned in petitioner's brief but they do not merit extending this opinion by discussing them in detail.

R. James Gormley, Esq. of the Chicago Bar was appointed by this Court to represent the petitioner on this appeal. He has favored us with well prepared briefs and appeared before us on oral argument. We thank Mr. Gormley for his services.

Affirmed.