Willie Wade BURGESS, Appellant,

v.

STATE of Missouri, Respondent.

No. 55917.

Supreme Court of Missouri,
Division No. 1.

May 10, 1971.

Harry H. Bock, New Madrid, for appellant.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal from denial, after evidentiary hearing, of motion under Criminal Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction of murder, first degree.

Willie Wade Burgess was charged by information with killing Henry "Son" Thomas on November 2, 1963, by shooting him with a shotgun. Upon trial, defendant was convicted by a jury which assessed his punishment at life imprisonment, and the ensuing judgment was affirmed upon direct appeal. State v. Burgess, Mo., 387 S.W.2d 566.

As grounds for relief, appellant's motion asserted:

"(a) Denial of Equal Protection and Due Process of the Law, held over twenty hours without being legally charged with a crime; transfer[r]ed from one jail to another before a complaint was filed or a warrant issued.

"(b) Cause of death was the opinion of a Furneral Director, there was no inquest, nor was there an autopsy performed by a medical doctor to determine the cause of death, nor was the defendant given a preliminary hearing.

"(c) Ineffective asistant [sic] of counsel, no brief was filed, nor did he have an attorney at the hearing on the appeal, it appears that part of the trial transcript was missing, as to opening and closing statements by counsels."

Appellant now contends he was not advised of his right to counsel at prelimi-

nary hearing and therefore could not intelligently waive that right; and that the appearance of Attorney Charles C. Hatley before the magistrate court on November 12, 1963, was inadequate representation by counsel.

Upon conclusion of the evidentiary hearing, the court found "there was absolutely no proof" that he was held illegally (a); that cause of death was not properly shown or that he was denied a preliminary hearing (b); that he had ineffective assistance of counsel in any respect (c). In addition, the court found that defendant had counsel at his preliminary hearing.

Upon this review, the court's findings and conclusions are presumptively correct; they are not to be set aside unless clearly erroneous; they are clearly erroneous only if upon the entire record the court has a definite and firm conviction that a mistake has been made, and the burden of proving grounds for relief is on the movant. Crosswhite v. State, Mo., 426 S.W. 2d 67, 70–71[1]; Bosler v. State, Mo., 462 S.W.2d 768.

With respect to appellant's assertion that he did not have counsel at his preliminary hearing, the trial court's finding was that he did have counsel, and that finding is supported by the record. Exhibit B is a page from a permanent record book of the Magistrate Court of New Madrid County, and it shows in this case: "Now on this 12th day of November, 1963, the court appoints Charles C. Hatley, Attorney At Law, for Willie Wade Burgess, defendant, and defendant appears in Court with his attorney and wishes to waive his preliminary hearing."

With respect to his second assertion, appellant's argument is that he was prejudiced by waiver of preliminary hearing because "adequate" counsel would have used the hearing to preserve for purposes of a defense a gun allegedly in deceased's possession; that he could have called witnesses whose testimony would have mitigated the offense.

That such objectives could have been accomplished via preliminary hearing is a matter of speculation on this record. The record shows defendant had counsel at the preliminary hearing stage; and he waived preliminary hearing, presumably with advice of counsel. The 27.26 record shows that Mr. Hatley was present in court and he was not called for any purpose such as a consideration of his strategy or advice in deciding to have his client waive preliminary hearing. Neither does any of movant's testimony suggest anything that counsel did or failed to do that would show prejudice to defendant at the preliminary hearing stage; and the trial record shows that defendant's evidence was sufficiently developed to secure instructions on self-defense and deceased's reputation for turbulence and violence. On such a record, movant failed to show the asserted inadequacy of counsel with respect to the handling of the preliminary hearing.

Appellant cites Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387; however, even if applicable to preliminary hearings in Missouri, it has not been accorded retroactive application. State v. Caffey, Mo., 457 S.W.2d 657.

The court's findings may not on this record be said to be "clearly erroneous."

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., BARDGETT, J. and SEMPLE, Special Judge, concur.

HOLMAN, J., not sitting.