**STATE of Missouri, Respondent,**

v.

**Willie Wade BURGESS, Appellant.**

**No. 50931.**

Supreme Court of Missouri,
Division No. 1.

March 13, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Harry H. Bock, New Madrid, Linus E. Young, Portageville, for appellant.

HIGGINS, Commissioner.

Willie Wade Burgess, charged with murder, first degree, was convicted by a jury which assessed his punishment at life imprisonment. Sentence and judgment were rendered accordingly. §§ 559.010, 559.030, V.A.M.S.

There is no question of the sufficiency of evidence adduced at trial May 27, 1964. Henry "Son" Thomas operated a restaurant in New Madrid, New Madrid County, Missouri. Gambling also took place on the premises. In the evening of November 2, 1963, defendant and Bud Boyd were present and became involved in an argument. Thomas ejected both men during which he displayed a knife to defendant to enforce

his orders. Also during the ejection, defendant was heard to say that he would kill Thomas before the night was over.

At about 10:00 p. m., defendant went to the home of Son Thomas and, according to Jerry Thomas (no relation to Son), said, "Son Thomas sent me after his gun." Jerry and defendant searched the premises but found no gun.

John D. Jordan was the owner of a home barbershop and when he entered it on the night of November 2, 1963, he noticed the door had been broken and his shotgun taken. The gun was identified at trial as the gun taken from defendant following the killing of Son Thomas on the night of November 2.

According to Deputy Sheriff Dees, defendant told him he had been in an argument with Son Thomas "and they had throwed him out of the place, and he went to get him a shotgun and said he had got in a barbershop to get it and took it across the levee and fired it * * * one time to see if it would shoot, and then he came back through town there * * *."

Police officers were attracted to the Thomas place by shots, and defendant was found behind a parked truck near the Thomas building. He had a shotgun in his hands, and stated, "I have killed Son Thomas and that is what I wanted to do."

Thomas was seen by several witnesses just prior to the shooting standing in his doorway. They heard a shot and Thomas fell to his knees; then a second shot was heard. Thomas had nothing in his hands while standing in the doorway. When his body was examined, a pistol was found in his coat pocket. The pistol belonged to Henderson Townsend and Sheriff Ramsey gave it to him.

Defendant did not take the stand. He adduced testimony that deceased had a reputation for a rash, turbulent and violent disposition. This was disputed upon rebuttal by the State. Time of the shooting was fixed at forty minutes to an hour after defendant had been ejected from the Thomas premises.

The court gave instructions on murder, first degree, murder, second degree, self-defense, and the rash, turbulent and violent nature of the deceased.

Defendant was represented by appointed counsel in the magistrate court, throughout his trial, in the preparation and filing of his motion for new trial, and in filing notice of appeal and securing leave to appeal as a poor person.

The motion for new trial presented two assignments of error:

"(1) * * * the instructions to the jury are misleading and contrary to the evidence; contrary to the law; and taken as a whole had the effect of directing the jury to return a verdict for the State.

"(2) The Court erred in failing to give an instruction on manslaughter because there was evidence from which the jury could have found that the killing was committed in a sudden heat of passion due to adequate provocation."

The appeal was submitted on the State's brief and the motion for new trial; and, according to the practice then prevailing, appellant, unrepresented by counsel, received a review on the allegations of his motion for new trial. Upon such review, the supreme court determined that the first assignment presented nothing for review; and, on the second assignment, that he was not entitled to a manslaughter instruction under the evidence. Accordingly, on March 8, 1965, the judgment of conviction was affirmed. State v. Burgess, Mo., 387 S.W. 2d 566.

On November 5, 1969, Willie Wade Burgess filed a collateral attack on his conviction under Criminal Rule 27.26, V.A.M.R. As grounds for relief, he asserted denial of due process of law in being held beyond twenty hours and transferred from jail to jail without charge; inadequate showing of cause of death and no preliminary hearing;

and ineffective assistance of counsel with respect to brief on appeal and omission of opening and closing statements in the trial transcript. These assertions were denied by the trial court by findings that he offered no proof of violation of constitutional rights or that counsel was inadequate; that he failed to show that Townsend, who he alleged hit him, was an officer, had any other connection with the case, or that Townsend's conduct had any bearing on his case; that he failed to show any illegal detention, failure of proof of death, absence of counsel, failure of counsel to use proper trial technique, or that his preliminary hearing was improper. On appeal from that denial of relief, he alleged that he did not have counsel at preliminary hearing and that his waiver of preliminary hearing was therefore not intelligent and that his counsel was inadequate in failing to preserve, for purposes of defense, a gun allegedly in deceased's possession. These assertions were briefed by counsel and were reviewed and denied by the supreme court in an opinion and judgment of May 10, 1971, affirming the trial court's judgment denying relief. Burgess v. State, Mo., 466 S.W.2d 673.

On June 14, 1971, on application of Willie Wade Burgess, this court, pursuant to Bosler v. Swenson, 8 Cir., 363 F.2d 154, and Swenson v. Donnell, 8 Cir., 382 F.2d 248, vacated the judgment affirming conviction, State v. Burgess, Mo., 387 S.W.2d 566, supra, for the reason he was not represented by counsel on that appeal, and ordered the appointment of counsel for defendant with direction to counsel to file an original appeal brief for appellant.

Counsel has complied with this order, and the case is again before this court for review.

■ Asserting that his present appeal involves the record from both the trial and original appeal, State v. Burgess, supra, 387 S.W.2d 566, and the collateral attack, Burgess v. State, supra, 466 S.W.2d 673, appellant contends that: (1) The circuit court erred in failing to give an instruction on manslaughter; (2) "Appellant was denied due process of law"; (3) "Waiver of counsel by appellant before the Magistrate was not made intelligently, understandingly or competently, or with full knowledge of his rights."

There was no duty on the court to instruct on manslaughter in this case. The evidence shows that defendant was evicted by deceased as a result of some minor difficulty, and that the killing occurred some forty minutes to an hour afterward. In the interim, defendant went to deceased's residence calmly searching for a gun; failing to find the gun, he burglarized a barbershop and stole a shotgun and then took it out on the levee and test-fired it. Only then did he go to the Thomas place and, without a word, shot Thomas while he was standing in his doorway. Such evidence is a substantial showing of the premeditation and malice to support murder, first degree; it shows also sufficient time for defendant's passion to have cooled; and it negatives any provocation, justification, excuse, culpable negligence, or killing in heat of passion to make necessary an instruction on manslaughter. State v. Lamborn, Mo., 452 S.W.2d 216, 218[5]; State v. Allen, 290 Mo. 258, 234 S.W. 837, 841; State v. Crouch, Mo., 124 S.W.2d 1185.

Appellant's citations are readily distinguished: In State v. Smart, Mo., 328 S.W.2d 569, passion and provocation were kept alive by a continuing aggression from initial contact to killing an hour later; and State v. Starr, 38 Mo. 270, is not shown to have any similarities applicable to this case.

■ Appellant's point (2) does not indicate with any particularity just what his complaint might be. His argument asserts only that the State "did away" with the pistol that the dead man had on him at the time he was killed, and that it was suppressed and disposed of by the sheriff.

The State, at trial, produced the sheriff and adduced from him the candid statement

**108**

that he gave the pistol to Henderson Townsend because he was its owner. Such is not a showing of suppression or "doing away" with evidence, and it does not appear that anyone was asked to produce the pistol. Additionally, defendant had evidence to show a pistol in deceased's pocket, and defendant stated deceased drew it on him. Accordingly, it may not be said that appellant's assertion is supported on the record.

■ It appears that another facet of appellant's argument may relate to this point. He asserts that his rights "were violated on the night of his arrest, by Henderson Townsend who struck and threatened appellant while he was in jail." This was a part of movant's evidence in the hearing on his Rule 27.26 motion, and the court found specifically that there was no showing that Townsend was an officer, that he had any connection with the case, or what such conduct by Townsend, if true, had to do with the case. Any complaint with respect to this finding was abandoned when not made a part of the appeal in Burgess v. State, supra.

Appellant's citations on this point, Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398, Tomkins v. Missouri, 323 U.S. 485, 65 S.Ct. 370, 89 L.Ed. 407, and Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, deal only with the requirement of counsel in criminal proceedings under due process provisions.

■ It is not necessary to again consider appellant's point (3) because the record is contrary to his assertion and the point previously has been reviewed and ruled against him. Burgess v. State, supra, 466 S.W.2d 1. c. 674.

Judgment of conviction affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

HOLMAN, P. J., SEILER, J., and FINCH, Alternate Judge, concur.

BARDGETT, J., not sitting.