[Crim. No. 937.    Fourth Dist.    Mar. 24, 1953.]

THE PEOPLE, Respondent, v. JIMMIE SWEEDEN, JR.,
Appellant.

Jimmie Sweeden, Jr., in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was previously charged with two counts of forgery and with a prior conviction of a felony and having served a term of imprisonment therefor. He was then represented by court-appointed counsel. He pleaded guilty to the charges and admitted the prior conviction. On March 21, 1952, he was sentenced to state's prison. The commitment was suspended for a period of three years and defendant was granted probation for that period conditioned, among other things, that he serve one year in an adult detention facility, and not violate any law or ordinance. No appeal was taken from the judgment thus entered.

On June 26, 1952, he was brought before the court (Judge Morton) and charged with having violated his probation in that he was gambling at the county road camp, and conspiring to commit escape therefrom. At the hearing, as noted from the minutes, defendant was present in court without counsel. Apparently no request was made for such assistance. The record does not disclose whether defendant was or was not informed of any right he might have to the aid of counsel at that time. After a rather full hearing the probation order was revoked and the defendant was, on June 26, 1952, committed to the custody of the Superintendent of Correction at Chino.

On October 2, 1952, defendant filed his motion denominated motion to vacate and set aside judgment rendered on June 26, 1952, revoking probation and committing him to the state institution, upon the ground that he was not represented by counsel at the hearing on the matter of revocation of his probation. He claimed that the court did not inform him of his right to counsel and that the court did not offer to appoint counsel for him; that the proceedings were therefore in violation of his right to due process of law guaranteed by article I of section 13 of the California Constitution, and that there was not sufficient evidence that he violated any law justifying the revocation of his probation.

. Although defendant was not present, counsel was appointed by the court to represent him at the hearing of his motion. Judge Gabbert denied this motion. Defendant appealed.

■ . He argues first that the court erred in not ordering that he be allowed to appear at the hearing on the motion to vacate the judgment. The only indication that the defendant wished to be present at the hearing is found in the notice of motion, which states that the motion would be based on written and oral evidence to be presented by himself at the hearing. He neither asked the court to allow him to be present, nor showed any necessity for his presence at the hearing. He does not now suggest any prejudice that he suffered by being absent therefrom. The court appointed counsel to represent him. No abuse of discretion is shown in the failure of the court to order the return of the defendant for the hearing. The court's determination in this respect can be set aside only upon a showing of an abuse of such discretion. (*People* v. *Kirk*, 76 Cal.App.2d 496, 498 [173 P.2d 367].)

■ The next point worthy of consideration is the contention that the trial court lost jurisdiction to make the order revoking probation because it denied him his constitutional right to the due process of law secured to him by section 13 of article I of the Constitution of California and the Fourteenth Amendment to the Constitution of the United States, by failing to inform him that he had a right to counsel at said hearing on revocation of his probation, and failing to appoint counsel to represent him. He cites such cases as *Williams* v. *Kaiser*, 323 U.S. 471, 475 [65 S.Ct. 363, 89 L.Ed. 398]; *Tomkins* v. *State of Missouri*, 323 U.S. 485, 487 [65 S.Ct. 370, 89 L.Ed. 407]; *Johnson* v. *Zerbst*, 304 U.S. 458, 463 [58 S.Ct. 1019, 82 L.Ed. 1461]; and *Gibbs* v. *Burke*, 337 U.S. 773 [69 S.Ct. 1247, 93 L.Ed. 1686].

This contention was set at rest in *In re Davis*, 37 Cal.2d 872 [236 P.2d 579], in which *In re Dearo*, 96 Cal.App.2d 141 [214 P.2d 585], is cited with approval. *In re Cook*, 67 Cal. App.2d 20 [153 P.2d 578], relied upon by defendant, was disapproved insofar as it was inconsistent with the conclusions reached in the Davis case. In the Davis case, it was stated that "neither the Constitution of the United States nor that of California precludes ex parte revocation of probation"; that under the federal law, as well as under our law, probation is not a right but a privilege; that notice and a hearing need not precede revocation of probation. If a hearing

is held, it is not governed by the rules concerning formal criminal trials. It has been said that probation is an act of clemency, and such proceedings are not a phase of the criminal prosecution in which the accused has a right to appear and defend. (*In re Dearo, supra* [citing Pen. Code, § 1203.2].)

In *People* v. *Fields,* 88 Cal.App.2d 30 [198 P.2d 104], where judgment was not pronounced before an order granting probation was entered, it was held error, on revoking the order for probation, to pronounce judgment without arraignment for judgment and in the absence of counsel. Such is not the case here. Defendant was duly arraigned for judgment when he was represented by counsel. Judgment was pronounced and only the commitment was suspended. In that same case it was held that probation proceedings are no part of "prosecutions" within the meaning of section 13 of article I of our Constitution. (*People* v. *Blankenship,* 16 Cal.App.2d 606 [61 P.2d 352], is factually in point. There, defendant contended that he was not represented at the hearing in which his probation order was revoked. This court held that such a hearing was not a trial and that the established rule governing the conduct of trials was not applicable. To the same effect is *In re Levi,* 39 Cal.2d 41, 44 [244 P.2d 403]. No appeal was taken from the order revoking the order granting probation and suspending execution of sentence as was done in *People* v. *London,* 28 Cal.App.2d 395 [82 P.2d 619].

In considering the facts here related, no abuse of discretion on the part of the trial court appears in revoking the probation at the hearing which was held in the presence of the defendant. The probation officer's report was fully considered. It showed that defendant had been doing some gambling while in the road camp and that one of the prisoners signed a statement to the effect that defendant approached him on two occasions about making an escape from the camp; that defendant asked him if he "liked money" and if he was afraid of a gun; that defendant suggested that the bookkeeper and guard at the camp returned to the camp on a certain day and at a certain time with a bag of money and that there was money in the camp safe; that defendant planned to proceed into the office on that day, ask the keeper for change, and while he was opening the safe, "slug" him and take the contents, break open a gun locker, take the keeper's car, and escape; that the prisoner told defendant

he was not interested and later informed the superintendent of defendant's plan. Defendant denied these accusations.

The report also shows that another prisoner saw defendant on one occasion gambling and shooting dice; that there was money on the table; that he saw him gamble on other occasions. Defendant claims he was playing "draw poker," a perfectly legal pastime, and that as to the dice he had in his possession, he found them in the clothing of the prisoners when he was in charge of the camp laundry.

The superintendent of the camp testified he told defendant there was to be no gambling on the camp grounds, and that signs were posted "all through the camp" setting forth the rules and regulations, and that "No Gambling" was one of them. He related that a prisoner had informed him on two occasions of defendant's plans to escape. One prisoner testified at the hearing that defendant approached him and asked him to escape from the camp with defendant; that he related the plans as above indicated by the other prisoner; that he told him that was a crazy idea and he was not interested; that defendant said he was going to do it anyway; that defendant later told him he had given up the idea. Defendant was accorded an opportunity to cross-examine the witnesses. He merely denied the accusations.

In such a proceeding it is not necessary that the defendant be proven guilty of a new crime beyond all reasonable doubt, and there is no abuse of discretion in revoking the prior order when the evidence shows clearly and satisfactorily that the defendant has violated the terms of his probation. (*People* v. *London*, 28 Cal.App.2d 395 [82 P.2d 619].) No abuse of discretion or arbitrary action on the part of the trial judge appears.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.