[Civ. No. 8940.   Third Dist.   Sept. 28, 1956.]

HERMAN H. WADLER, Appellant, v. JUSTICE COURT OF MERCED JUDICIAL DISTRICT, Respondent.

Mellis & Stockton and Cleveland Stockton for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier, Deputy Attorney General, F. A. Silveira, City Attorney, and William L. Garrett, Deputy City Attorney, for Respondent.

SCHOTTKY, J.—This is an appeal from a judgment of the Superior Court of Merced County denying a writ of prohibition.

Appellant Herman Wadler was found guilty after a jury trial on two counts of a violation of Penal Code, section 415 (disturbing the peace). The justice court on February 15, 1955, pronounced "judgment" on each count as follows:

"Wherefore, it is by the Court Ordered and Adjudged that the said defendant H. H. Wadler is guilty of the crime of misdemeanor, to wit: violation of Section 415 of the Penal Code of the State of California and that for said offense, the said defendant is granted probation for the term of one year on the following conditions: 1. That he serve sixty days in the County Jail which sentence is suspended. 2. Obey all laws. 3. Keep honorably employed. 4. That he pay a fine in the sum of $100. . . ."

An appeal was taken from the "judgment."

On April 23, 1955, one Antone J. Borba made a citizen's arrest of Mr. Wadler. At the time of the arrest Borba made a charge that Wadler was disturbing the peace, and Wadler was booked on the charge. On April 25, 1955, Mr. Borba signed a complaint charging Wadler with a violation of section 1203.2 of the Penal Code which deals with rearrest and revocation of probation. A demurrer to the complaint was filed, and Mr. Wadler entered a plea of not guilty to the charge. On May 23, the justice court sustained the demurrer and ordered the proceeding stayed to be set at a later date for hearing. After the appeal on Mr. Wadler's original conviction was affirmed, notice was received by Mr. Wadler of a hearing to determine the violation of his probation. At this hearing on June 29, 1955, Mr. Wadler, through his attorney, made certain motions:

1. To dismiss the original charge (under Pen. Code, § 415) on which he was arrested by Mr. Borba.

2. To dismiss the complaint based on section 1203.2 because a demurrer to the complaint was sustained and no amended pleading was filed within the time provided by sections 1007 and 1008 of the Penal Code, and therefore the court had no jurisdiction to continue.

3. To dismiss the complaint on the ground that the arrest was illegal since section 1203.2 does not provide for arrest by a private citizen.

4. To dismiss the complaint because there was no arrest as provided by the section.

These motions were denied and a hearing was held at which both sides presented evidence.

The record shows that the court then made the following order:

"The Court states that having heard the evidence presented in this matter and studying the Exhibits the finding at this time is that the defendant is guilty of violating Section 1203.2 of the Penal Code in that there was a disturbance in violation of the terms of probation heretofore granted and the probationary terms are changed and the sentence to be imposed upon the defendant is as follows and is pronounced at this time: Probation for the term of one year: 1. Defendant is to serve sixty days in the County Jail on each of the two charges heretofore suspended, which sixty days are to run consecutively. 2. Obey all laws. 3. Keep honorably employed."

Prior to the execution of the sentence Mr. Wadler applied to the superior court for a writ of prohibition. An alternative writ issued. The city attorney of the city of Merced filed an answer on behalf of the respondent justice court. Petitioner moved that this answer be stricken because, as he alleged, the city attorney was without authority to represent respondent. This motion was denied.

Following a hearing on the order to show cause the court made the following order: "The Court orders Writ of Prohibition is denied and further orders that the proceedings in the lower court have been regular and legal."

As grounds for a reversal of the judgment of the superior court denying his application for a writ of prohibition, appellant makes the following major contentions:

1. The complaint charging violation of section 1203.2 of the Penal Code should have been dismissed for failure to comply with the provision of sections 1007 and 1008 of the Penal Code;

2. That the complaint for violating Penal Code, section 1203.2, failed to state a public offense;

3. That the arrest was not made in conformity with the provisions of section 1203.2;

4. That petitioner did not violate the terms of his probation;

5. That petitioner was never arraigned for judgment;

6. That the judgment contained illegal conditions;

7. That the superior court should have granted petitioner's motion to strike respondent's answer;

8. That the judgment of the superior court is void because it is not supported by findings of fact or conclusions of law.

Before discussing these contentions we think it well to point out that section 1203.2 of the Penal Code provides in part as follows:

"At any time during the probationary period of the person released on probation in accordance with the provisions of these sections, any probation or peace officer may without warrant, or other process, at any time until the final disposition of the case, re-arrest any person so placed on probation under the care of a probation officer, and bring him before the court, or the court may in its discretion issue a warrant for the re-arrest of any such person and may thereupon revoke and terminate such probation, if the interests of justice so require, and if the court in its judgment, shall have reason to believe from the report of the probation officer, or otherwise, that the person so placed upon probation is violating any of the conditions of his probation, . . ."

and that section 1203.3 provides in part:

"The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence."

■ As stated by our Supreme Court in *In re Levi,* 39 Cal.2d 41, at page 44 [244 P.2d 403]:

"There is neither a constitutional nor a statutory right to a hearing preceding revocation of probation. (*In re Davis,* 37 Cal.2d 872, 873-874 [236 P.2d 579].) ■ If a hearing is held, it is not governed by the rules concerning formal criminal trials. ■ The court may revoke probation solely on the basis of the probation officer's report. (*In re Dearo,* 96 Cal.App.2d 141, 143 [214 P.2d 585].) There is no right to present witnesses. (*People* v. *Hayden,* 99 Cal.App.2d 97, 99 [221 P.2d 221].) ■ The constitutional right to have counsel in 'criminal prosecutions' (art. I, § 13) is not applicable since a probation proceeding is not a part of a 'prosecution.' (*In re Dearo, supra,* 96 Cal.App.2d 141, 143; *People* v. *Fields,* 88 Cal.App.2d 30, 33 [198 P.2d 104].)"

■ While it must be stated that proceedings in the justice court with regard to the revocation or modification of the terms of probation were somewhat unusual and in large part superfluous, it is also true, as is clear from the authorities hereinbefore cited, that no rights of appellant were invaded in any manner by the procedure in the justice court. Section 1203.3 of the Penal Code gives the court authority at any time during the term of probation to revoke, modify, or change its order. ■ Under section 1203.3 the court had authority

to do what it did, so the fact that it purported to act under another section is immaterial in a probation proceeding. Section 1203.3 does not require that a probationer be convicted of any crime. The section says the court shall have authority at any time during the term of probation to revoke, modify or change its order. The court in this instance held a hearing at which appellant was represented by counsel and during which evidence was produced from which it could determine that a modification of the probation order was proper.

Appellant also contends that the judgment of the superior court is void because it is not supported by findings of fact and conclusions of law. The petition in the superior court was for a writ of prohibition. The question presented was whether the justice court exceeded its jurisdiction which is a question of law. Section 632 of the Code of Civil Procedure, which is the section which provides for findings of fact and conclusions of law, begins: "In superior courts . . . , upon the trial of a question of fact by the court . . . the facts found and the conclusions of law must be separately stated. . . ." If jurisdiction were a question of fact the superior court would have committed error. But jurisdiction is usually construed to mean the power of a court to hear and determine or power to act in a certain manner. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715].) A determination of whether the justice court could modify the probation order is not the determination of a question of fact within the meaning of section 632 of the Code of Civil Procedure. By its judgment the superior court determined the only question before it, namely, whether the justice court exceeded its jurisdiction. No findings are required where no issue of fact is decided. (*Estate of Kearns,* 129 Cal.App.2d 832 [278 P.2d 85]; *Wheeler* v. *Board of Medical Examiners,* 98 Cal.App. 267 [276 P. 1119].)

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied October 23, 1956, and appellant's petition for a hearing by the Supreme Court was denied November 21, 1956.