[Crim. No. 5962. Second Dist., Div. Three. July 26, 1957.]

THE PEOPLE, Respondent, v. JOHN ROBERT SLATER, Appellant.

John Robert Slater, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—This is an appeal from an order denying a petition for writ of error *coram nobis* whereby petitioner sought to vacate an order revoking probation.

An information was filed against petitioner in 1952, charging him with the commission of burglary, and alleging three prior felony convictions, to wit, robbery, murder and attempted extortion. It was alleged that Slater had served terms in the state prisons of Ohio and California for robbery and murder and that he had served a term in a federal prison on the charge of attempted extortion.

Petitioner pleaded guilty to burglary and the court found the offense to be burglary of the second degree; the court also found to be true the allegations of the prior convictions. On August 12, 1952, petitioner was sentenced to state prison for the term prescribed by law but sentence was suspended and he was placed on probation for five years on condition that he obtain employment and make restitution as directed by the probation department.

December 23, 1953, petitioner filed notice of motion to terminate probation, alleging compliance with the conditions of probation; he also submitted affidavits of friends and business acquaintances in support of that allegation. The probation department filed a report recommending denial of the motion and further recommending revocation of probation and execution of the suspended sentence. The report stated that petitioner had violated the conditions of probation in that he had not made restitution, had not registered as an ex-convict, was guilty of an assault upon his roommate, and had fled the scene of the affray before the police arrived. On February 12, 1954, after a hearing in Slater's presence, the court revoked his probation and remanded him to custody for the term prescribed by law.

March 29, 1957, the instant petition was filed, setting forth as grounds for issuance of the writ that petitioner is innocent of the violations of probation set out in the report, that the court refused to allow his witnesses to testify at the hearing, and that the order revoking probation was made through mistake of fact. The court below denied the petition, holding that it stated no facts which would entitle petitioner to relief.

Upon application of petitioner for appointment of counsel,

this court referred the matter to the Los Angeles Bar Association Committee on Criminal Appeals. The record on appeal was examined by two members of the committee and a report was made to the court that in the attorneys' opinion no meritorious ground for appeal existed and that the filing of a brief would be unjustified. Petitioner was duly so advised and was given the opportunity to file a brief in his own behalf. No brief has been filed. In accordance with our practice we have made an independent examination of the record. (See *People* v. *Logan,* 137 Cal.App.2d 331 [290 P.2d 11].)

In our opinion the writ was properly denied. A trial court has authority at any time during the probationary period to revoke, modify or change its order suspending execution of sentence. (Pen. Code, § 1203.3; *In re Larsen,* 44 Cal.2d 642 [283 P.2d 1043].) The matter rests within the sound discretion of the trial court and there is no abuse of discretion where it appears from the evidence that the accused has violated the conditions of probation. (*People* v. *Sweeden,* 116 Cal.App.2d 891 [254 P.2d 899].) The court may act in reliance upon the probation officer's report. (*In re Levi,* 39 Cal.2d 41, 44 [244 P.2d 403].) With respect to the report in the present matter, Slater avers that it was "slanted and distorted" by a probation officer who was ignorant of the true circumstances. That contention is not available to him now. The court had before it various affidavits submitted by petitioner which contained denials of any wrongdoing on his part and which tended to support the allegation that he had fully complied with the conditions of probation. No showing is made that the court arbitrarily refused to consider the affidavits before making its ruling.

 That Slater's witnesses were not permitted to testify at the hearing does not constitute a ground for relief from the order. It is well settled that there is neither a constitutional nor a statutory right to a hearing preceding revocation of probation. (*In re Davis,* 37 Cal.2d 872 [236 P.2d 579], and cases cited.) If a hearing is held, its procedure is not governed by the rules concerning criminal trials and a probationer does not have the absolute right to call witnesses in his behalf. (*In re Levi, supra,* 39 Cal.2d 41, 44, and cases cited.)

The facts alleged in the petition were insufficient to justify the issuance of the writ. *Coram nobis* is available only to vacate a judgment because of facts which existed at the

time of trial and which were unknown both to the court and to the accused at that time. The hearing on revocation of probation was not a trial and petitioner does not allege the existence of any facts relating to the charges in the probation report which were unknown to him at the date of the hearing.

The petition could properly have been denied upon the ground that there was no showing of any cause or excuse for the delay of three years in making the application. (*People v. Rodriguez*, 143 Cal.App.2d 506 [299 P.2d 1057].)

The order is affirmed.

Wood (Parker), J., concurred.