[Crim. No. 3882. First Dist., Div. One. May 16, 1961.]

THE PEOPLE, Respondent, v. CHESTER ROOT, Appellant.

John J. Fahey and Edward L. Cragen for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John L. Burton, Deputy Attorneys General, for Respondent.

BRAY, P. J.—Defendant appeals from a judgment of conviction of violation of section 276, Penal Code (soliciting a woman to submit to an abortion) which denied his motion to set aside revocation of probation and committed him to the state prison.

QUESTIONS PRESENTED

1. Was defendant entitled to notice and a hearing before revocation of probation?

2. On the hearing of a motion either to revoke probation or to set aside an order revoking probation, is the prosecution required to produce the witnesses upon whose statements the probation was revoked?

3. Was the evidence insufficient for revocation of probation?

RECORD

April 21, 1958, defendant pleaded guilty. The court placed him on probation for five years and suspended sentence during that time. A condition of probation was the payment of a fine of $150.

May 31, 1960, at the request of the probation officer, probation was revoked.

July 26, defendant was in court for sentence. At his request, sentencing was continued from time to time to September 8.

September 8, defendant moved to set aside the revocation of probation. The motion was continued from time to time until September 20, when it was denied and judgment and sentence were pronounced.

FACTS

May 25, 1960, defendant, while on probation, phoned a Lillian Granger, a policewoman using a fictitious name, at a private phone number in the Homicide Bureau of the San Francisco Police Department. The call had been arranged by one Alberti, a police informant, who had told defendant that Miss Granger found it necessary to have an abortion. During the phone conversation defendant and Miss Granger discussed arrangements for the abortion. Defendant quoted a price of $1,500. She stated that she would have to discuss it with her man friend. Defendant said that he would call back that evening. The following evening defendant again phoned Miss Granger and they continued the discussion concerning the proposed abortion. Defendant agreed to talk over the price with his associates to see if the abortion could be done for $800. Defendant said that he would phone her the following evening. Following this conversation the phone number was changed and Alberti, at police direction, informed defendant that the abortion was to be taken care of in Mexico.

Defendant on the hearing of the motion to set aside the revocation of probation, admitted making the phone calls, but contended he made them to "see if he [Alberti] were sincere and dependable, and in hopes of checking if he would be a dependable business partner."

1. *No Notice or Hearing Before Revocation of Probation.*

Defendant in his brief "concedes that the decisions of the appellate courts of this state give little solace to him" in his contention that a probationer is entitled to notice of intention to revoke his probation and to hearing thereon. As he says, "Legion are the cases that stand for the contrary proposition." (See Pen. Code, § 1203.2, and *In re Levi* (1952), 39 Cal.2d 41, 44 [244 P.2d 403] ; see also the many cases cited in *In re Davis* (1951), 37 Cal.2d 872, 874 [236 P.2d 579].)

Defendant relies, however, on *In re Cook,* 67 Cal.App.2d 20, 25 [153 P.2d 578], where the court, although holding that the defendant was not entitled to notice or a hearing on revocation of his probation, said, "On principle it would seem to be only proper and just that under the provisions of section 1203.2 notice and an opportunity to be heard should be granted a defendant before a suspended sentence or probation could be revoked." (P. 25.) This statement is obviously dicta, as the court held that the defendant was not entitled to notice or a formal hearing. The court set aside the order revoking

the probation because there was no factual basis presented to the court upon which to base its order of revocation. The quoted statement in *Cook*, obviously cannot overcome the many cases cited in *Davis*, which both before and after *Cook* have held that a probationer is not entitled either to notice or a hearing before his probation may be revoked, and as pointed out, *Cook*, in spite of its dicta, upheld the same rule.

## 2. *Was Defendant Entitled to Confront His Accusers?*

Defendant's probation was revoked on the basis of the written report of the probation officer referring to Alberti's statements concerning defendant's actions and to which was attached a transcript of a tape recording of one of the above mentioned conversations between defendant and Miss Granger. Defendant would have us overrule the cases which hold that the court may revoke probation solely on the basis of the probation officer's report. "If a hearing is held, it is not governed by the rules concerning formal criminal trials. The court may revoke probation solely on the basis of the probation officer's report. (*In re Dearo*, 96 Cal.App.2d 141, 143 [214 P.2d 585].) There is no right to present witnesses. (*People* v. *Hayden*, 99 Cal.App.2d 97, 99 [221 P.2d 221].) . . . [A] probation proceeding is not part of a 'prosecution.' [Citations.]" (*In re Levi, supra*, 39 Cal.2d at p. 44; see also *People* v. *Johns* (1959), 173 Cal.App.2d 38, 43 [343 P.2d 92], and *Wadler* v. *Justice Court* (1956), 144 Cal.App.2d 739, 743 [301 P.2d 907].) In view of the above rules there is no requirement that Alberti, referred to in the probation officer's report, be called as a witness either at the original revocation of the probation or at the subsequent hearing of defendant's motion to vacate the revocation of probation.

## 3. *Sufficiency of the Evidence.*

While revocation is largely a discretionary matter, probation may not be revoked arbitrarily. (*In re Davis, supra*, 37 Cal.2d 872, 875.) Section 1203.2 provides that the court may revoke probation "if the interests of justice so require, and if the court in its judgment shall have reason to believe from the report of the probation officer, or otherwise, that the person so placed upon probation is . . . engaging in criminal practices, or has become abandoned to improper associates . . ."

The probation officer's report showed that defendant was soliciting an abortion to be performed by others, thus engaging in a criminal practice and evidencing that he was associating with improper associates, particularly as he was

then under conviction of the crime of soliciting an abortion. At the hearing of defendant's motion to set aside the revocation, the tape recordings were played. Moreover, defendant admitted the solicitation but claimed that he really did not intend to solicit the abortion but to appear to do so to check up on a prospective business associate. Not only was it a peculiar method of testing the sincerity of a person with whom defendant contemplated going into a legitimate business, but, in view of defendant's past history, it was expecting the court to be very naive, indeed, to believe defendant. [5] "[T]here is no abuse of discretion where it appears from the evidence that the accused has violated the conditions of probation." (*People* v. *Slater* (1957), 152 Cal.App.2d 814, 816 [313 P.2d 111]; see also *People* v. *Sweeden* (1953), 116 Cal.App.2d 891, 895 [254 P.2d 899].)

Defendant has failed to show that the revocation of his probation or the refusal to set aside the revocation was arbitrary.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.