427 P.2d 381

**The STATE of Arizona, Appellee,**

**v.**

**Johnny Lee WASHINGTON, Appellant.**

**No. 1 CA–CR 112.**

Court of Appeals of Arizona.

May 1, 1967.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., for appellee.

Gerald A. Machmer and Ray A. Taylor, Phoenix, for appellant.

STEVENS, Judge.

This matter comes before us in relation to the revocation of probation and the imposition of sentence. The appeal questions the sufficiency of the evidence to justify a revocation of probation and urges inadequacy of the notice to the defendant's attorney.

In relation to the appeal, the designation of record was limited to: "All of the records, orders, transcripts, proceedings and evidence with reference to the revocation of probation proceeding on July 7, 1966." We do not have before us the original judgment of guilt or the terms of probation. The record does disclose a formal written preliminary order on revocation of probation which was entered on 1 July 1966. The order directed the issuance of the warrant of arrest. It also recited that on 24 November 1965, the defendant was adjudged guilty of the crime of burglary in the first degree and that he was placed

on probation for three years. The order fixed the hour of 1:30 in the afternoon on the 7th of July 1966 as the date and time "for further inquiry into the matter, including the matter of the restoration of said defendant to probation or the entry of a judgment of sentence, whichever shall be appropriate."

At the 7 July 1966 hearing on revocation, the defendant was present with his attorney, an attorney experienced in criminal law. A court reporter was present at the hearing and the reporter's transcript of the proceedings has been furnished to us. Neither the minutes nor the reporter's transcript discloses a request for a continuance. The reporter's transcript does disclose that at the close of the hearing the attorney advised the court that he had nothing to present to the court and that he could not show legal cause why the sentence should not then be pronounced. He did state:

"* * * I am only acquainted with the facts as Mr. Washington has presented them. I haven't seen him nor heard from him since the day he was placed on probation by the Court, and I have not been contacted by him regarding this matter."

The main thrust of the appeal is the fact that the police officer who arrested the defendant while on probation, and made a report in relation to the circumstances of the arrest, was not present in court as a witness. The report charged the defendant with burglarizing a house and this the defendant denied. During the course of the hearing the court addressed the defendant as follows:

"* * * As a matter of fact, you have admitted to the Probation Officer that you entered the rear door, no one was home, and you went in the rear door and went into the house and got a drink of water, and while you were in the house, you heard someone coming and you laid in the front room closet, and was ordered out by the police officer. Is that true, or isn't it?"

The defendant replied, "Yes, sir."

The matter of probation is statutory. Our Supreme Court stated in the case of State v. Maxwell, 97 Ariz. 162, 398 P.2d 548 (1965):

"* * * To remain at liberty under a suspended sentence is not a matter of right but a matter of grace and purely in the discretion of the trial court, Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569. A proceeding for revocation of probation is not subject to the limitations of a trial on the merits and is not governed by the same rules, People v. Slater, 152 Cal.App.2d 814, 313 P.2d 111."

Section 13–1657 A.R.S. relates to the suspension of the imposition of sentence and the termination of probation followed by sentence. In part, this section provides:

"B. At any time during the probationary term of the person released on probation, * * * the court may, in its discretion, issue a warrant for the rearrest of any such person and may thereupon revoke and terminate the probation, * * and if the court, in its judgment, has reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in criminal practices * * *

"C. Upon the revocation and termination of the probation, the court may * * pronounce sentence * * *."

The sentencing judge need not be convinced beyond a reasonable doubt as to the truth of an alleged violation. It is sufficient that he has good reason to believe that the defendant has violated the conditions of his probation or has engaged in criminal activity.

In view of the admissions by the defendant at the time of the hearing on revocation and the absence of the request for additional time, we find no error.

The revocation of probation and pronouncement of sentence are affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.