**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Herbert GURTNER, Defendant-Appellant.**

**No. 72–2167.**

United States Court of Appeals,
Ninth Circuit.

Feb. 5, 1973.

Robert H. Sanders, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., David H. Anderson, Curtis B. Rappe, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, CHOY and GOODWIN, Circuit Judges.

CHOY, Circuit Judge:

Gurtner appeals his conviction by a jury for the wilful failure to file federal income tax returns (26 U.S.C. § 7203) for the calendar years 1964 and 1965. We affirm.

Gurtner raises two issues on appeal. The first is that the trial court should have stricken the testimony of John Foulk, a private accountant whom Gurtner consulted in April, 1967, because his conversations with Foulk were privileged attorney-client communication. We reject this contention because Gurtner has not proven that an attorney-client relationship existed and even if this testimony were privileged, Gurtner waived the privilege.

The burden of establishing the existence of an attorney-client relationship rests on the claimant of the privilege who resists disclosure of shielded communication. In re Bonanno, 344 F. 2d 830, 833 (2nd Cir. 1965). Gurtner has not sustained this burden. Foulk did have a working relationship with Gurtner's attorney and the attorney advised Gurtner to consult with Foulk, but that alone did not make the communications between Foulk and Gurtner privileged. "What is vital to the privilege is that the communication be made *in confidence* for the purpose of obtaining *legal* advice *from the lawyer*. If what is sought is not legal advice but only accounting service, as in Olender v. United States, 210 F.2d 795, 805–806 (9th Cir. 1954), [cert. denied, 352 U.S. 982, 77 S.Ct. 382, 1 L.Ed.

2d 365 (1956)], *see* Reisman v. Caplin, 61–2 U.S.T.C. ¶ 9673 (1961), or if the advice sought is the accountant's rather than the lawyer's, no privilege exists." United States v. Kovel, 296 F.2d 918, 922 (2nd Cir. 1961); *accord,* United States v. Judson, 322 F.2d 460, 462 (9th Cir. 1963). Gurtner did not prove that Foulk was acting as a consultant for his attorney. Moreover, even if we assumed that Foulk was the agent of an attorney, not all consultations with such agents are privileged. Gurtner's consultations with Foulk for the purpose of preparing tax returns did not fall within the privilege. Such consultations, even with an attorney who is preparing the returns, are not privileged. *Olender, supra,* 210 F.2d at 806; Canaday v. United States, 354 F.2d 849, 857 (8th Cir. 1966); Couch v. United States, 405 U.S. 1038, 92 S.Ct. 1311, 31 L.Ed.2d 579 (1973).

■ Even if there was an attorney-client relationship, Gurtner's failure to make a timely objection to Foulk's testimony constituted a waiver of the privilege. Gurtner failed to raise any objection to the testimony of Foulk when the witness was on the stand. The issue was not raised until Gurtner himself was being cross-examined. "[T]he burden is on the defendant to take his objection at the earliest possible opportunity when, by so doing he can enable the trial judge to take the most efficacious action." Holden v. United States, 388 F.2d 240, 242 (1st Cir.), cert. denied, 393 U.S. 864, 89 S.Ct. 146, 21 L.Ed.2d 132 (1968). The district court properly ruled that the motion to strike was untimely.

■ In addition, the failure to assert the privilege when the evidence was first presented constituted a voluntary waiver of the right. Steen v. First National Bank, 298 F. 36, 41 (8th Cir. 1924); United States v. Jacobs, 322 F. Supp. 1299, 1303 (C.D.Cal.1971). Once the subject matter is disclosed by a knowing failure to object there is nothing left to protect from disclosure.

■ Gurtner's second assignment of error attacks the following jury instruction:

The word 'wilful' as used herein means an act or omission which is voluntary and intentional, with a bad purpose or without grounds for believing that one's act is lawful or without reasonable cause, or *capriciously or with a careless disregard whether one has the right to so act.* That is to say, the wilfulness required for this offense here charged does not entail the purpose to evade tax or to defraud. It entails no purpose other than to evade the law's requirements. (emphasis supplied).

The trial judge also instructed the jury that:

Knowingly means an act is done knowingly if done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

The purpose is, of course, adding the word knowingly, is to insure that no one will be convicted because of a mistake or accident or other innocent reason.

Gurtner objected to the phrase "or with a careless disregard whether one has a right to so act," and, for the first time, on appeal he also challenges the use of the word "capricious." Gurtner notes that the term "wilful" as used in § 7203 does not include carelessness, inadvertence or negligence. United States v. Leuschner, 336 F.2d 246 (9th Cir. 1964). He contends that the disputed phrase in the instruction permitted the jury to convict him for mere carelessness. We disagree. We have in the past specifically upheld this instruction. Abdul v. United States, 254 F.2d 292 (9th Cir.), cert. denied, 364 U.S. 832, 81 S.Ct. 44, 5 L.Ed.2d 58 (1958). *Abdul* has been repeatedly reaffirmed in subsequent cases. United States v. Fahey, 411 F.2d 1213 (9th Cir.), cert. denied, 396 U.S. 957, 90 S.Ct. 430, 24 L.Ed.2d 422 (1969).

We recognize that at least two other circuits have taken the opposite position. United States v. Vitiello, 363 F.2d 240

(3rd Cir. 1966); Haner v. United States, 315 F.2d 792 (5th Cir. 1963). We, however, are of the opinion that the disputed instruction, given together with the other instructions mentioned above, properly conveyed the notion to the jury that something more than mere negligence must be shown for an act to be wilful. But since the disputed clause has been the subject of frequent appeals, we believe it advisable for the district court in future cases under § 7203 to omit from the instruction the passage "or capriciously or with a careless disregard whether one has the right to so act."

Affirmed.