Rafiah **SULLIVAN**, Plaintiff,

v.

**HELENE CURTIS, INC.**, Defendant.

No. 90 C 4365

United States District Court,
N.D. Illinois, E.D.

Feb. 12, 1991.

Supplemental Opinion Feb. 27, 1991.

Charles Gregory Albert, Gregory J. Schroedter, Bell, Boyd & Lloyd, Chicago, Ill., for plaintiff.

Gerald L. Maatman, Jr., Baker & McKenzie, Chicago, Ill., for defendant.

Samuel Fifer, David W. Maher, Sonnenschein, Nath & Rosenthal, Chicago, Ill., for deponents.

## ORDER

JAMES F. HOLDERMAN, District Judge:

Defendant Helene Curtis, Inc. has moved pursuant to Federal Rule of Civil Procedure 37 for entry of an order compelling subpoena deponent Dr. Louis Baez and RHR International Company ("RHR") to produce for examination and copying all records, documents and/or information relating to the employment-related counseling provided to plaintiff Rafiah Sullivan. Defendant's motion must be granted to the extent explained below.

■ In her two-count complaint plaintiff, a female of Arab descent and a member of the Moslem faith, alleges that defendant refused to promote her and ultimately terminated her because of her "race, color, religion, sex, and/or national origin." (Complaint, ¶¶ 17, 18.) Count I of plaintiff's complaint alleges a violation of Title VII, 42 U.S.C. Sections 2000e *et seq.* Count II is a pendent state claim for fraud and misrepresentation.

Rule 501 of the Federal Rules of Evidence governs this dispute, and provides as follows:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statu-

tory authority, the privilege of a witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness ... shall be determined in accordance with State law.

Fed.R.Evid. 501.

Federal law will supply the rule of decision in plaintiff's Title VII action. Accordingly, this court must apply the principles of the common law as interpreted by the federal courts in the light of reason and experience. Applying such principles, the court finds that, based on the record before it, plaintiff has failed properly to assert a privilege which protects from discovery the documents sought by defendant.*

■ Federal law does not recognize the existence of a privilege as asserted by plaintiff to bar this discovery. Most federal courts which have considered whether there exists a doctor-patient privilege have concluded that none exists under federal law. *In re Doe,* 711 F.2d 1187, 1193 (2d Cir.1983). Moreover, the Supreme Court continues to be disinclined to exercise authority to develop rules of privilege expansively. *See, e.g., University of Pennsylvania v. E.E.O.C.,* 493 U.S. 182, 110 S.Ct. 577, 582, 107 L.Ed.2d 571 (1990).

In any event, based on the record before this court the documents sought by defendant are not protected by any purported federal privilege. The evidence of record establishes that the consultations by plaintiff with Dr. Baez were for the purpose of business or management consulting, not for therapy or treatment. (Sullivan Dep. at 4, 8, 9, 18; Zeffren Aff., ¶¶ 2–4.) There is no indication that communications with Dr. Baez were made in the belief that they would be confidential. (Sullivan Dep. at 8–9.) On the contrary, according to the evidence, communications between Dr. Baez and plaintiff (as well as with others

---

* RHR did not submit a memorandum of law in response to defendant's motion to compel.

who consulted with Dr. Baez) were disclosed to third parties consistent with the non-therapeutic, business purposes of the consultations. (Zeffren Aff., ¶¶ 6–7; Sullivan Dep. Ex. 15 at 1, 9, 16, 18.)

Since she is resisting disclosure, plaintiff bears the burden of establishing the existence of a privilege in this case. *United States v. Gurtner*, 474 F.2d 297, 298 (9th Cir.1973). Given the requirements of any purported privilege, *see Doe*, 711 F.2d at 1193, she has failed to do so here. Accordingly, defendant's motion to compel must be granted.

However, because the record before this court is not fully developed, it is unclear whether portions of the documents requested by defendant involve counseling beyond the non-therapeutic, business counseling discussed in this order. Therefore, consistent with defendant's request in its motion to compel, this court shall examine the documents *in camera* to ensure that none of the documents indeed are privileged.

### CONCLUSION

For the reasons stated in this memorandum opinion and order, defendant's motion to compel Dr. Baez and RHR to comply with defendant's deposition subpoena is GRANTED subject to an *in camera* review by this court. Dr. Baez and RHR are to submit for *in camera* review all documents responsive to defendant's subpoena to this court by February 19, 1991. The documents are to be submitted in a form as described by this court in open court.

### SUPPLEMENTAL OPINION

■ The court has reviewed *in camera* the documents submitted by third party subpoena deponents, Dr. Louis Baez and RHR International Company ("RHR") in accordance with this court's memorandum opinion and order of February 12, 1991.

The court agrees with Dr. Baez and RHR that the designated portions of the documents contain information that is highly personal to Ms. Sullivan and not directly related to non-therapeutic business counseling. Moreover, the court finds that in the present context the designated portions of the documents are not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

Accordingly, the court orders that the outlined boxes designated number "1", "2", and "3" on document 23, and the outlined box designated number "4" on document 29 be redacted. Dr. Baez and RHR then shall promptly produce documents 21 through 34 as redacted to defendant.