42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara J. ZEGZULA, Defendant-Apellant
 No. 94-30024.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1994.
Decided Nov. 28, 1994.
 
 1
 Before: BEEZER and FERNANDEZ, Circuit Judges, and ORRICK*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Barbara Zegzula appeals her jury convictions on four counts of willful failure to pay taxes, seven counts of willful failure to file tax returns, and twenty-one counts of mail fraud. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Zegzula argues that the district court erred by denying her motion for the appointment of an expert tax attorney to aid defense counsel under 18 U.S.C. Sec. 3006A(e)(1).
 
 
 5
 We review the district court's denial of a motion for expert assistance under Sec. 3006A(e)(1) for abuse of discretion. United States v. Becerra, 992 F.2d 960, 965 (9th Cir.1993).
 
 
 6
 In order to succeed on appeal, Zegzula must demonstrate that the lack of the assistance of an expert tax attorney deprived her of the effective assistance of counsel under the Sixth Amendment. United States v. Smith, 893 F.2d 1573, 1580 (9th Cir.1990). She must show (1) that under the circumstances, reasonably competent counsel would have retained an expert for a client who could afford to pay, United States v. Sims, 617 F.2d 1371, 1375 (9th Cir.1980), and (2) that she was prejudiced by the lack of expert assistance. Becerra, 992 F.2d at 965.
 
 
 7
 Zegzula falls well short of showing the prejudice required for a reversal of her conviction. To show prejudice, Zegzula must demonstrate a reasonable probability in light of all of the evidence that, but for the court's refusal to appoint the expert, the result at trial would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984); United States v. Brewer, 783 F.2d 841, 843 (9th Cir.), cert. denied, 479 U.S. 831 (1986). Prejudice must be shown by clear and convincing evidence. Becerra, 992 F.2d at 965.
 
 
 8
 Zegzula fails to suggest anything that counsel might have done differently to mount a more effective defense with Kovach's assistance. See United States v. Fields, 722 F.2d 549, 550 (9th Cir.1983), cert. denied, 466 U.S. 931 (1984). Although she states that she "was prejudiced because her counsel could not ... directly attack the government's theory of prosecution and alleged calculations of loss," she does not suggest how she could attack those points in a new trial. Zegzula has not advanced any new facts or arguments that suggest she would be able to mount any new or different defenses with expert assistance, and has therefore failed to show a reasonable probability that the result at trial would change with that assistance. She has not demonstrated prejudice.[1]
 
 II
 
 9
 Zegzula contends that the district court erred in denying her motion to dismiss the indictment as to counts 1 through 4, charging tax evasion, as barred by the six-year statute of limitations. Zegzula also argues that the district court erroneously denied her motion for a bill of particulars in part to determine the specific dates of the acts of evasion alleged in the indictment. Finally, she contends, also on the limitations basis, that the district court erred by denying her motion to arrest the judgment as to counts 1 through 8.
 
 
 10
 The application of the statute of limitations is a question of law which we review de novo.[2] See Washington v. Garrett, 10 F.3d 1421, 1429 (9th Cir.1993). The denial of a motion for a bill of particulars is reviewed for abuse of discretion. United States v. Robertson, 15 F.3d 862, 874 (9th Cir.1994).
 
 
 11
 All of the offenses with which Zegzula was charged, as well as the lesser included offenses of which she was convicted, are subject to a six-year limitations period. 26 U.S.C. Sec. 6531(2), (4). As to the evasion charges, the statute of limitations runs from the last affirmative act of evasion charged. United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir.1987). The grand jury returned Zegzula's indictment on September 10, 1992.
 
 
 12
 * Counts 1 through 5 of Zegzula's indictment charged evasion of federal income taxes due for the years 1978 through 1981 and 1985. These taxes became due more than six years prior to the return of the indictment. However, the indictment charged that, from August of 1986 until at least the beginning of 1988, Zegzula and her husband were continuing to evade the payment of their taxes for 1978 through 1981 and 1985. Specifically, the indictment states that the defendants evaded the payment by "failing to pay the tax, by placing funds beyond the reach of the Internal Revenue Service [and] by using and maintaining bank accounts of third parties to deposit their income and conduct their financial affairs."
 
 
 13
 The sufficiency of an indictment is determined from its face. United States v. Lunstedt, 997 F.2d 665, 667 (9th Cir.1993). In this case, the allegation that Zegzula acted to place funds out of the reach of the Internal Revenue Service by depositing income in third party accounts within the limitation period is sufficient to render the indictment timely. The deposit of one's money in third party bank accounts with the knowledge of an unpaid liability can support a finding of evasion. See, e.g., Spies v. United States, 317 U.S. 492, 499-500 (1943); United States v. McGill, 964 F.2d 222, 233 (3rd Cir.1992), cert. denied, 113 S.Ct. 664 (1992).
 
 
 14
 Counts 6 through 8 of the indictment charged Zegzula with evasion of taxes which came due in 1987, 1988 and 1989, all less than six years prior to the return of the indictment. These counts were timely.
 
 B
 
 15
 Zegzula argues generally that the district court erred by denying her motion for a bill of particulars. She advances no arguments or authority, however, to suggest that the district court abused its discretion by denying her motion. In general, where the indictment notifies the defendant of the charges against her and the approximate dates of her alleged illegal conduct, a bill of particulars is not warranted to ascertain the exact dates of the conduct. Robertson, 15 F.3d at 874. Further, Zegzula has failed to show surprise, prejudice or an inability to present a defense stemming from the claimed shortcomings of the indictment. United States v. Burt, 765 F.2d 1364, 1367 (9th Cir.1985).
 
 C
 
 16
 Finally, Zegzula emphasizes that she was not convicted of tax evasion, but rather of the lesser included offenses of willful failure to pay tax due and willful failure to file tax returns. She correctly notes that only willful acts of evasion start a new limitations period running. She is apparently adverting to the argument that, although the indictment timely charged acts of tax evasion, the jury necessarily determined that the government did not prove beyond a reasonable doubt that Zegzula had committed those acts with the requisite intent. To the extent that she is arguing that the limitations period had expired for the lesser crimes of which she was convicted, she waived that defense by requesting an instruction on lesser included offenses. DeTar, 832 F.2d at 1114-15 (defendant's request for instruction on lesser included offense barred by the statute of limitations waives limitations defense).
 
 
 17
 The statute of limitations did not bar either Zegzula's indictments or her convictions. She has not shown that the district court abused its discretion in denying her motion for a bill of particulars.
 
 III
 
 18
 Zegzula next argues that the district court violated her attorney-client privilege by allowing her former tax accountant, John Hartigan, to testify to communications between him and Zegzula, and by admitting evidence of statements made to the IRS by Hartigan.
 
 
 19
 * Whether information is protected by the attorney-client privilege is a mixed question of law and fact which we review de novo. In re Grand Jury Investigation (The Corporation), 974 F.2d 1068, 1070 (9th Cir.1992). The burden of establishing that the privilege applies to certain information falls on the party asserting the privilege. Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir.1992).
 
 
 20
 Zegzula argues that Hartigan should not have been allowed to testify to the content of communications between them because he was referred to Zegzula and her husband by their attorney, and apparently had ongoing contact with the attorney. The district court properly determined the communications were not privileged.
 
 
 21
 The attorney-client privilege protects the client's confidential communications with an attorney, or the attorney's agent, for the purpose of securing legal advice from the attorney. United States v. Gurtner, 474 F.2d 297, 298 (9th Cir.1973). Where a client has hired both an accountant and a lawyer on the same matter, communications with the accountant are not protected "[i]f what is sought is not legal advice but only accounting service ... or if the advice sought is the accountant's rather than the lawyer's." Id. at 298-99. Communications with an accountant or a lawyer for the purpose of preparing a tax return involve accounting rather than legal services and are not privileged. United States v. Abrahams, 905 F.2d 1276, 1283-84 (9th Cir.1990).
 
 
 22
 Here, both Hartigan and Zegzula testified that Hartigan was hired to prepare Zegzula's and her husband's tax returns. Hartigan testified repeatedly that the preparation of the returns was the only task he was instructed to or did undertake for Zegzula and her husband. Zegzula has not shown that any of the communications between her and Hartigan to which Hartigan testified were for any other purpose than the preparation of the returns. Importantly, even if Hartigan's advice went beyond return preparation, Zegzula has not demonstrated that she ever communicated with Hartigan for the purpose of obtaining legal advice from Chicoine, her attorney, or that Hartigan ever passed her communications on to Chicoine in order to provide her with legal advice. Absent such a showing, none of her communications with Hartigan to obtain his advice are privileged. Gurtner, 474 F.2d at 298-99; Couch v. United States, 409 U.S. 322, 335 (1973) (no federal accountant-client privilege).
 
 B
 
 23
 Zegzula also objects to the admission of testimony of Hartigan and IRS agent Donald Sassnet regarding statements made by Hartigan to Sassnet.[3] Although Zegzula groups her objections to these statements under the heading of privilege, the argument she makes actually goes to a lack of foundation to attribute Hartigan's statements to her under an agency theory. As discussed above, the information is not privileged.
 
 
 24
 Zegzula argues in her brief, as she did before the district court, that Hartigan was hired to represent both her and her husband, and that because it was only her husband who vehemently opposed filing returns or paying taxes, her interests were antagonistic to his. For this reason, she argues that any statements made by Hartigan purportedly as their agent should not be attributed to her absent proof that Hartigan was actually speaking on her behalf.
 
 
 25
 Evidentiary rulings of the district court are reviewed for abuse of discretion. United States v. Blaylock, 20 F.3d 1458, 1462 (9th Cir.1994). The district court did not abuse its discretion in determining that there was sufficient foundation to establish that Hartigan was acting for both Zegzula and her husband when he spoke to Sassnet. Zegzula signed a written authorization allowing Hartigan to represent her in connection with filing the overdue returns, which were the subject matter of his statements to Sassnet. She also testified that she and her husband had hired Hartigan, and that she had worked with Hartigan to prepare the returns. She did not present any evidence that she objected to Hartigan's representation of her in connection with the returns prior to trial.
 
 IV
 
 26
 Finally, Zegzula argues that there was not sufficient evidence to support the jury's determination that she willfully failed to pay taxes and to file tax returns.
 
 
 27
 We will sustain a conviction against a challenge to the sufficiency of the evidence supporting it if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational [jury] could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 28
 In order to establish the crime of willful failure to pay tax, the government must prove beyond a reasonable doubt that (1) the defendant had a duty to pay a tax, (2) the defendant did not pay the tax by the time required by law and (3) the failure to pay was willful. 26 U.S.C. Sec. 7203; United States v. Vroman, 975 F.2d 669, 671 (9th Cir.1992), cert. denied, 113 S.Ct. 1611 (1993). The elements of willful failure to file a return are similar: (1) the defendant was required to file a return, (2) the defendant did not file a return by the required time and (3) the failure was willful. Id.
 
 
 29
 Zegzula only contests the sufficiency of the evidence to support the third element of each offense: willfulness. With regard to these offenses, willfulness means a voluntary, intentional violation of a known legal duty. Cheek v. United States, 498 U.S. 192, 201 (1991). Therefore, there must be evidence to support the jury's determination that Zegzula (1) knew that she was required to file tax returns and pay taxes and (2) voluntarily and intentionally did not do so.
 
 
 30
 * There was ample evidence from which the jury could conclude that Zegzula knew that she was required to file returns and pay taxes. Zegzula testified that not filing returns frightened her, that she knew failing to file a return might have a detrimental effect on her, and that she "suspected" she should file returns. She further testified as to her husband's stated belief that they were not required to file returns or pay taxes that: "[d]eep down it didn't feel quite right" to her, that she was not convinced that he was correct and that she knew that the federal courts did not agree with her husband's belief. Additionally, prior to the trial on the tax court petition filed by Zegzula and her husband, they conceded that they were required to pay taxes for 1978 through 1981. After the trial of that matter, the tax court judge told Zegzula that she was required to pay taxes, and Zegzula testified that she knew she was required to pay taxes after the tax court case concluded.
 
 B
 
 31
 As to the voluntary, intentional nature of her acts, Zegzula essentially argues that her failure to pay taxes and file returns could not be willful because she "did not believe that she could go against her husband's beliefs." Zegzula does not contend that her failure to file or pay the taxes was not intentional.
 
 
 32
 To the extent that she is arguing that her acts were not voluntary, she has not established the defense of duress. See United States v. Homick, 964 F.2d 899, 905 (9th Cir.1992) (defense of duress has three elements: (1) an immediate threat of death or serious bodily injury, (2) a well grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape). Zegzula can show none of these elements. She presented no evidence that her husband controlled her actions or threatened her with violence. The record is clear that she could have filed tax returns, and in fact did so in 1982 over her husband's objections, and that she was a signatory on bank accounts from which the taxes could have been paid.
 
 
 33
 There was sufficient evidence for the jury to conclude that Zegzula's failure to pay taxes and file returns was intentional and voluntary.
 
 
 34
 AFFIRMED.
 
 
 
 *
 The Honorable William H. Orrick, Senior District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 As we have determined that no prejudice has been shown, we do not reach the propriety of the district court's denial of Zegzula's 3006A(e)(1) request. Brewer, 783 F.2d at 843
 
 
 [2]
 Both Zegzula's motion to dismiss the indictment and her motion to arrest the judgment challenge the legal sufficiency of the indictment based on Zegzula's statute of limitations argument. See Fed.R.Crim.P. 12(b)(2), 34
 
 
 [3]
 Although Zegzula states in her brief that Sassnet testified regarding conversations between him and Chicoine, a review of the record reveals no reference to the content of any statements by Chicoine in Sassnet's testimony