OPINION ANU ORDER

This appeal addresses whether the defendant 1) waived the claim of the attorney-client privilege and self-incrimination, 2) whether the appellate court can address a potential claim of ineffective assistance of counsel, and 3) whether it was an error of law for the trial court to decline to consider extenuating circumstances.
FACTUAL AND PROCEDURAL BACKGROUND
[1] The Defendant is alleged to have committed the offense of assault and battery against Dorie Jackson on July 14, 2003. On July 15, 2003, the Defendant pled guilty to assault and battery and was sentenced to 200(1-1) days in jail and ordered to pay court costs in the amount of $25.00. The trial judge credited the Defendant for 20 days served and ordered him to serve 70(1-1) days of it beginning-on July 18, 2003. The remaining 110(1-1) days were suspended in lieu of 1 year supervised probation. The terms of probation included that Defendant is not possess, use or consume any alcoholic beverages, illegal drugs and Defendant may not leave the Hopi Reservation for 72 hours or more, without approval of the adult probation officer.
[2] On March 29, 2004, the Tribe filed a Petition to Revoke Probation alleging that the Defendant violated the following conditions of probation:
1. Condition # 2: Defendant is not to possess use or consume any alcoholic beverages, illegal drugs ... On January 20, 2004, the Defendant was given a drug test and tested positive for marijuana, and
2. Condition # 5: On March 10, 2004, the Defendant left the Hopi Reservation for 72 hours or more without approval of the probation officer. Defendant’s whereabouts are unknown.
[3] At the probation revocation hearing held on July 9, 2004, defense counsel during opening statements stated that his client told the probation officer that when he was first released from jail he smoked *247 some marijuana. He further stated that his client left the reservation to spend a couple of days with his aunt. After the defense counsel’s opening statement, the Tribe made a motion that the defendant be found to have violated his probation based on the opening statement of the defense. Defense counsel objected stating that the court should have all the information before making a decision. Prior to ruling, the court stated that he needed to have a statement from the defendant’s counsel regarding the defendant’s statement(s) on record Defense Counsel made the statement. Based on this statement, the court found the Defendant guilty of violating his probation and revoked it. The court reimposed his suspended sentence of 110(1— 1) days in jail and ordered him to pay court costs in the amount of $25.00.
[4] On July 26, 2004, the Defendant filed an appeal of the trial court order dated July 9, 2004. Defendant also filed a Motion to Stay Execution of Judgment and Sentence Pending Appeal and a Motion to Waive Appeal Bond. On August 20, 2004, the sentence imposed on the defendant was stayed pending the outcome of the appeal
ISSUES ON APPEAL
[5] 1. Whether defendant’s claims of violation of the attorney client privilege and right against self-incrimination may be heard by the Hopi Appellate Court on appeal?
a) Whether defendant waived the claim of violation of the attorney-client privilege by failing to timely raise it in the trial court below?
b) Whether defendant waived the claim that the trial court violated his right against self-incrimination by failing to timely raise it in the trial court below?
[6] 2. Was it an error of law for the trial court to decline to consider extenuating circumstances under Hopi Ordinance 21, Section 2.13.2?
DISCUSSION
[7] Hopi Tribal Ordinance 21, Section § 1.2.5, states that “The Appellate Court of the Hopi Tribe shall have jurisdiction to hear appeals from final judgments and other final orders of the Tribal Court of the Hopi Tribe, except in criminal cases where the defendant is sentenced to less than thirty days imprisonment or labor and/or to pay a fine of less than $50.00.” A final judgment was reached in this case pursuant to the tribal court’s Judgment Order, filed on July 9, 2004. Appellant was convicted and sentenced, and Appellant’s sentence is more than thirty days imprisonment. Therefore, the Appellate Court has jurisdiction to hear this case.
I. Appellant’s claims of breach of attorney-client privilege, violation of right against self-incrimination, and potential claim of ineffective assistance of defense counsel.
A. Defendant waived the right to claim the attorney-client privilege by failing to timely raise it before the trial court.
[8] In the absence of Hopi statutes and case law, addressing attorney-client privilege, we look to foreign case law as persuasive authority. Tribe v. Mahke-wa, AP-002-92, AP-003-93, p.2 (Hopi App. Ct.1995).
[9] Appellant argues that his advocate was improperly forced to breach the attorney-client communication. Conversations between an attorney and client are generally privileged communication and not admissive as evidence. Where privilege is breached resulting information *248 cannot be used as evidence in the prosecution. However, failure to assert the attorney-privilege when evidence is first presented is a voluntary waiver Of the right. See United States v. Gurtner, 474 F.2d 297, 299 (9th Cir.1973) (citing Steen v. First National Bank, 298 F. 36, 41 (8th Cir.1924). The burden is on the defendant to make his objection at the earliest possible opportunity when, by doing so he can enable the trial judge to take the most efficacious action. Id. (citing Holden v. United States, 388 F.2d 240, 242 (1st Cir.1968), cert. denied, 393 U.S, 864, 89 S.Ct. 146, 21 L.Ed.2d 132 (1968)). “Once the subject matter is disclosed by a knowing failure to object there is nothing left to protect from disclosure.” Id.
[10] During opening statements defense counsel stated that his client smoked marijuana and left the reservation for more than 72 hours during his probation.
“The evidence will show that there was a time that the probation officer asked my client had he been staying clean and he indicated to him that when first released from jail he had smoked some marijuana ... however, I do know that the evidence will be that because Mr. Crooke was upset at his young baby being missing for two days, it was suggested by his parents, his father is Havasupai, and he suggested he go down to the canyon and spend a couple of days with his aunt, which would have been less than 72 hours. A series of events occurred letting Mr. Crooke know that his child may be in Phoenix. Upon lemming that information, it was his main duty, or goal, to find his child which led to him being off the reservation for more than 72 hours.”
[11] Clearly, defense counsel voluntarily made admissions of defendant’s guilt that implicate privileged communications. When questioned by the court regarding the statements defense counsel had at least two opportunities to object to the judge’s questioning of him and to invoke the attorney client privilege. Defense counsel failed to object after the judge asked the question: “Did the defendant give you, provide that information to you so that you made that statement to the court.” and before he answered: “After Mr. Sekakuku did? Yes.” Counsel also failed to object after the judge asked “Did he [the defendant] also provide you the information that he left the reservation.” and before he answered “yes.”
[12] It is apparent from the court records at no time did defense counsel object or attempt to invoke attorney-client privilege until the appeal. Where the defendant or his counsel have failed to invoke the privilege at the earliest possible opportunity, thus allowing the trial judge to take immediate action, the defense has waived the right to assert the attorney-client privilege and right to object to the admission of the resulting evidence on appeal. “Once the subject matter is disclosed by a knowing failure to object there is nothing left to protect from disclosure.” United States v. Gurtner, 474 F.2d 297, 299 (9th Cir.1973).
B. Defendant waived the claim of a violation of his right against self-incrimination.
[13] Hopi Tribal Ordinance 21 § 2.8.5, states that “No Indian person shall be compelled in any criminal case to give evidence against himself.” To date there is no Hopi case law interpreting this provision. In the absence of Hopi case law on point, we look to other jurisdiction’s case law as persuasive authority. Tribe v. Mahkewa, AP-002-92, AP-003-93, p.2 (Hopi App.Ct.1995).
[14] In this case, defense counsel objected failed to assert the privilege after the judge asked the defense counsel the *249 question: “Did the defendant ... provide that information to you so that you made that statement to the court” and before he answered: “Yes.” Thus, the claim of a violation of the right against self-incrimination on the appeal is deemed waived.
II. The trial court did not err in failing to consider extenuating circumstances in issuing an order revoking probation.
[15] Hopi Tribal Ordinance 21 § 2.13.2 states that “Any Indian person who violated the terms and conditions of his probation or suspension of sentence shall be required to serve the original sentence.”
[16] The plain meaning of Section 2.13.2 stating that “any ... person ... who violated the ... conditions of his probation ... shall be required to serve his original sentence” is that Tribal Council did not intend for the trial court to have discretion to consider extenuating circumstances in revoking a defendant’s probation. In contrast Section 2.13.2 California law provides that “The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence.” Cal Pen Code § 1203.3(a). In addition, California case law holds that “Revocation of probation rests within sound discretion of the trial court and there is no abuse of discretion where it appears from the evidence that the accused has violated the conditions of probation. People v. Slater, 152 Cal. App.2d 814, 313 P.2d 111 (1957).”
[17] We believe that the revocation of probation is mandatory if a violation of the terms of probation has been found. We believe that this does not preclude the trial court from hearing extenuating circumstances for the purposes reinstating probation. However, that decision rests in the sound discretion of the trial court. We do not find an abuse of discretion here and therefore affirm the trial court’s decision.
ORDER OF THE COURT
For the foregoing reasons, we hereby AFFIRM the July 9, 2004 order of the trial court revoking appellant’s probation.
IT IS SO ORDERED.